*Elkimya v. Dep't of Homeland Security*

B.I.A.
No. A 21 033 045
Montante, I.J.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2006

(Submitted: March 28, 2007

Decided: April 12, 2007
Amended: April 16, 2007)

Docket No. 05-2984-ag

_____

ABDELAZIZ ELKIMYA,

*Petitioner*,

− v. −

DEPARTMENT OF HOMELAND SECURITY,

*Respondent*.

_____

Before:    FEINBERG, SOTOMAYOR and KATZMANN, *Circuit Judges*.

_____

Petitioner Abdelaziz Elkimya, *pro se*, moves this Court for bail pending consideration of

his petition for review of a decision of the Board of Immigration Appeals ("BIA") affirming the

Immigration Judge's order of removal.  We extend our holding in *Mapp v. Reno*, 241 F.3d 221

(2d Cir. 2001), and hold that we have inherent authority to admit to bail movants like Elkimya,

who are seeking bail pending our consideration of their petition for review of a BIA order, but we

deny Elkimya's motion because he has failed to demonstrate the requisite "extraordinary

-1-

circumstances," *Mapp*, 241 F.3d at 230, for bail pending consideration of his petition for review.

> Abdelaziz Elkimya, Perry County Correctional Center, Uniontown, Alabama, *pro se*.
>
> Gail Y. Mitchell, Assistant United States Attorney (Terrance P. Flynn, United States Attorney for the Western District of New York), Buffalo, New York, *for respondent*.

SOTOMAYOR, *Circuit Judge*:

Petitioner Abdelaziz Elkimya moves this Court for bail pending consideration of his petition for review of a decision of the Board of Immigration Appeals ("BIA") affirming Immigration Judge ("IJ") Philip J. Montante, Jr.'s order of removal. We raise and address, *sua sponte*, the question of whether we have inherent authority to admit to bail movants like Elkimya, who are seeking bail pending our consideration of their petition for review of a BIA order. We extend the principles articulated in *Mapp v. Reno*, 241 F.3d 221 (2d Cir. 2001), and hold that we do have such authority, but we deny Elkimya's motion because he has failed to demonstrate the requisite "extraordinary circumstances," *id.* at 230, for bail pending consideration of his petition for review.

## BACKGROUND

Elkimya, a citizen of Morocco, arrived in the United States in 1975. He thereafter married a United States citizen and on November 22, 1976, obtained lawful permanent resident status. Elkimya and his wife divorced in 1983. In February 1993, he departed from the United States for Morocco, returning to the United States in July 1997 from what he claimed was a temporary visit abroad. Upon return, he applied for admission as a returning lawful permanent resident. His application was denied following an airport interview, and the Immigration and

Naturalization Service ("INS")[1] thereafter served him with a Notice to Appear, which stated that he was removable because he had remained outside the United States continuously for four years without permission and thus did not appear to be a bona fide permanent resident returning after a temporary visit abroad, and because he did not have a valid entry document, valid unexpired passport, or other suitable travel document as required by the Immigration and Nationality Act. Elkimya was subsequently placed in removal proceedings.

On February 15, 2000, following a hearing, the IJ ordered Elkimya removed based on his abandonment of his lawful permanent resident status. *See In re Abdelaziz Elkimya*, No. A 21 033 045 (Immig. Ct. Buffalo Feb. 15, 2000). On October 10, 2002, the BIA affirmed the IJ's decision without opinion. *See In re Abdelaziz Elkimya*, No. A 21 033 045 (BIA Oct. 10, 2002). In September 2003, Elkimya filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Western District of New York, challenging the order of removal. In June 2005, the district court transferred the petition to this Court pursuant to the Real ID Act of 2005, Pub. L. No. 103-13, § 106(a), 119 Stat. 231, 310-11 (codified at 8 U.S.C. § 1252(a)), where it was converted to a petition for review. Elkimya's petition for review was dismissed in February 2006 for failure to comply with a scheduling order of this Court, but was reinstated in June 2006 upon a motion by Elkimya. Elkimya is currently being detained by United States immigration officials, and moves this Court for bail pending consideration of his reinstated petition for review.

---

[1] Responsibility for enforcing United States immigration laws was transferred in 2002 to the Bureau of Immigration and Customs Enforcement within the new Department of Homeland Security. *See Thapa v. Gonzales*, 460 F.3d 323, 325 n.1 (2d Cir. 2006). For purposes of clarity and consistency, we refer to the Government's immigration enforcement authority as the INS throughout this opinion.

**DISCUSSION**

We raise *sua sponte* the question of whether we have the power to consider Elkimya's motion for bail pending consideration of his petition for review. It has long been law in this Circuit that a federal court "has inherent power to enter an order affecting the custody of a habeas petitioner who is properly before it contesting the legality of his custody." *Ostrer v. United States*, 584 F.2d 594, 596 n.1 (2d Cir. 1978). Moreover, federal courts of appeals are empowered to release individuals being detained "[w]hile a decision not to release [the detainee] is under review." Fed. R. App. P. 23(b). In *Mapp*, we held that our inherent power to "affect[] the custody" of a detainee extends to admitting petitioners to bail in the immigration habeas context, rejecting the government's view that "Congress's plenary power over immigration matters cannot coexist with the federal courts' exercise of such inherent authority to release habeas petitioners." *Mapp*, 241 F.3d at 227 (internal quotation marks omitted). We further noted the retrenchment in judicial review of immigration decisions begun by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and expanded by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009, but observed that there was no "clear direction from Congress" limiting our inherent powers. *Mapp*, 241 F.3d at 227. Absent such direction, we held that we were "unprepared to hold that powers that are inherent in the federal courts, like that of granting bail to habeas petitioners, can be limited by general attitudes cobbled together from laws of varying vintage and scope, rather than by specific statutory provisions." *Id.* at 229.

The Real ID Act of 2005 further altered the landscape of immigration law, but did not qualify our inherent authority to admit to bail petitioners in immigration cases. The Real ID Act

-4-

repealed the use of habeas petitions to challenge orders of removal; petitions for review filed in the courts of appeals are now the exclusive procedural vehicle for seeking review of such orders. *See* 8 U.S.C. § 1252(a)(5). We consider here whether *Mapp*'s holding with respect to habeas petitions should be extended to these petitions for review. The core desideratum of the Real ID Act was to "restor[e] uniformity and order to the law," H.R. Rep. No. 109-72, at 174 (2005); *see also Bonhometre v. Gonzales*, 414 F.3d 442, 446 (3d Cir. 2005) (describing the Real ID Act's jurisdictional modifications as "an effort to streamline what the Congress saw as uncertain and piecemeal review of orders of removal, divided between the district courts (habeas corpus) and the courts of appeals (petitions for review)"). Permitting detained individuals to file motions for bail pending this Court's consideration of their petitions for review is the most streamlined and efficient manner of exercising our "inherent authority to admit to bail individuals properly within [our] jurisdiction." *Mapp*, 241 F.3d at 226. This power is therefore rightly extended to situations where detained individuals are seeking bail pending our consideration of their petition for review of a BIA order.

Our conclusion is further buttressed by the fact that the Real ID Act made no mention of federal courts' inherent authority to admit to bail those individuals detained by the INS. Congress is presumed to be aware of a judicial interpretation of a statute such as AEDPA or IIRIRA, *see Lorillard v. Pons*, 434 U.S. 575, 580 (1978), and the Real ID Act's silence regarding our holding in *Mapp* constitutes an implicit adoption of our interpretation of AEDPA and IIRIRA, *id.* If Congress sees fit to deprive federal courts of their authority to admit to bail those detained aliens awaiting consideration of their petitions for review, as we noted in *Mapp*, "the burden lies on the political branches explicitly to instantiate such a system of detention, and to do

so through the law." *Mapp*, 241 F.3d at 227. Until that time, we exercise the inherent authority we possess to grant bail where it is "necessary to make the . . . [petition for review] remedy effective." *Id.* at 226 (quoting *Ostrer*, 584 F.2d at 596 n.1).

We decline in this case, however, to grant Elkimya's motion for bail. In considering a petitioner's fitness for bail, we must determine whether the petition raises "substantial claims" and whether "extraordinary circumstances exist[] that make the grant of bail necessary to make the [petition for review] remedy effective." *Id.* at 230 (internal quotation marks omitted). We do not opine on whether Elkimya's petition raises substantial claims, because we hold that he has failed to demonstrate extraordinary circumstances making the grant of bail necessary. We see no reason, and Elkimya has proffered none other than convenience, why his continued detention by the INS would affect this Court's ultimate consideration of the legal issues presented in his petition for review.

## CONCLUSION

For the foregoing reasons, Elkimya's motion for bail pending consideration of his petition for review is DENIED.