**SU KYEONG LEE, Petitioner,**

v.

**Peter D. KEISLER,\* Respondent.**

**No. 07–2571–ag.**

United States Court of Appeals,
Second Circuit.

Oct. 12, 2007.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Peter D. Keisler has been substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Nicolas Commandeur (Lisa E. Cleary, on the brief), Patterson Belknap Webb & Tyler LLP, New York, N.Y., for Petitioner.

Joseph A. O'Connell, Trial Attorney, Office of Immigration Litigation, Civil Division (Michelle Gorden Latour, Assistant Director, on the brief), Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI and Hon. RICHARD C. WESLEY, Circuit Judges.[1]

## SUMMARY ORDER

Petitioner Su Kyeong Lee petitioned this Court for review of the BIA's denial of his motion to reopen. *In re Su Kyeong Lee,* No. A37–354–340 (B.I.A. May 18, 2007), *aff'g* No. A37–354–340 (Immig. Ct. Naponach, N.Y. Jan. 24, 2007). He claims that he is a United States citizen and, therefore, not properly subject to removal.

Shortly before oral argument, the government conceded that the final order of removal should be vacated and that Petitioner's case should be "reopened and terminated." Accordingly, the parties are joining in asking the BIA to do this. Petitioner has now moved that we hold his petition for review in abeyance, pending action by the BIA. That motion is granted.

---

1. Judge Wilfred Feinberg, originally a member of this panel, has recused himself from consideration of this case. Accordingly, the appeal has been decided by the panel's remaining two judges pursuant to this Court's Local Rule § 0.14(b).

Petitioner also sought bail, arguing that the rigorous standards for granting bail outlined in *Elkimya v. Department of Homeland Security,* 484 F.3d 151, 154 (2d Cir.2007), and *Mapp v. Reno,* 241 F.3d 221, 230 (2d Cir.2001), do not apply when the person held has a plausible claim of citizenship. The government at first opposed the motion for bail. It contended that the *Elkimya–Mapp* standard governed, even as to plausible citizens, and that, under that standard, bail should be denied. The government has—seemingly applying a standard different from that in *Elkimya* and *Mapp*—now, however, agreed that the release of Petitioner was appropriate, and Lee has been released. Accordingly, the petition for bail is moot.

The motion to hold Lee's petition for review in abeyance is GRANTED; the petition for bail is DISMISSED as moot; this Panel will retain jurisdiction pending action by the BIA.