In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 07-2550

JOCELYN ISADA BOLANTE,

*Petitioner*,

*v.*

PETER D. KEISLER, Acting Attorney General
of the United States,

*Respondent*.

———————

Petition to Review an Order of the
Board of Immigration Appeals.
No. A 95 719 764.

———————

SUBMITTED AUGUST 23, 2007—DECIDED OCTOBER 31, 2007

———————

Before EASTERBROOK, *Chief Judge*, and POSNER and
KANNE, *Circuit Judges*.

POSNER, *Circuit Judge*.  The petitioner is being held in
custody by the immigration authorities pending this
court's review of the denial by the Board of Immigration
Appeals of his application for asylum and the Board's
resulting order of removal. He has been in custody
since July 2, 2006, and he asks us to order him released
on bail. We have no authority to do so.

The right not to be subjected to excessive bail is conferred by the Eighth Amendment and implemented, so far as federal criminal defendants are concerned, in the Bail Reform Act. 18 U.S.C. § 3142; see *United States v. Salerno*, 481 U.S. 739, 753-54 (1987). The Eighth Amendment's bail clause does not say that a person detained by the government is entitled to release on bail, only that he may not be subjected to excessive bail as a condition of release. *Id*. at 752. Yet the Supreme Court has suggested that the bail clause requires that "the Government's proposed conditions of release or detention not be 'excessive' in light of the perceived evil" from releasing the person. *Id*. at 754. Otherwise the government could circumvent the bail clause simply by refusing to release detainees on any condition. But *Salerno* was a criminal case, and the Court has never held that persons detained in civil proceedings, such as deportation (now called removal) proceedings, are entitled to release on bail. *Carlson v. Landon*, 342 U.S. 525, 545-46 (1952). When in *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Court held that due process of law presumptively entitles an alien ordered removed to be released from detention after six months if no other country is willing to admit him, it said nothing about bail or the bail clause. In *Demore v. Hyung Joon Kim*, 538 U.S. 310 (2003), in upholding the detention without bail of aliens pending deportation on the basis of their having committed crimes, the Court did not mention the bail clause but instead, as in *Zadvydas*, based its analysis solely on the due process clause.

It is likewise in the context of criminal prosecutions that this court and other courts of appeals have held that federal courts have inherent authority to allow petitioners for federal habeas corpus to be released on bail. *Cherek v.*

*United States*, 767 F.2d 335, 337 (7th Cir. 1985) ("federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases, but a power to be exercised very sparingly"); *Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981); *Ostrer v. United States*, 584 F.2d 594, 596 n. 1 (2d Cir. 1978); *Jago v. United States District Court*, 570 F.2d 618 (6th Cir. 1978); *In re Wainwright*, 518 F.2d 173, 174 (5th Cir. 1975) (per curiam); *Johnston v. Marsh*, 227 F.2d 528, 531 (3d Cir. 1955). (The reason the power is "to be exercised very sparingly" is that a petitioner for habeas corpus, unlike a pretrial detainee, has already been convicted of a crime rather than having merely been charged.) The opinion in the *Jago* case recounts the common law origins of the power, and notes, as does the *Johnston* opinion, that in *Wright v. Henkel*, 190 U.S. 40, 63 (1903), the Supreme Court had said: "We are unwilling to hold that the circuit courts possess no power in respect of admitting to bail other than as specifically vested by statute." It would be surprising if they lacked the power in view of Rule 23 of the Federal Rules of Appellate Procedure. The rule authorizes the court of appeals to order the release with or without bail of a prisoner pending review of the district court's decision on his petition for habeas corpus, whether that petition was a grant or a denial of relief. See *Nadarajah v. Gonzales*, 443 F.3d 1069, 1083 (9th Cir. 2006).

In *Mapp v. Reno*, 241 F.3d 221 (2d Cir. 2001), the Second Circuit (after an even more thorough canvass of the precedents than the *Jago* opinion) took a bold further step, and ruled that district courts have authority to release on bail, pending appeal from the denial of habeas corpus relief, aliens detained pending removal. And now

it has taken the next and even bolder step and ruled that the court of appeals has authority to order the release on bail of persons detained while (as in the present case) a petition for review of an order of removal is pending before the court. *Elkimya v. Department of Homeland Security*, 484 F.3d 151 (2d Cir. 2007). Rule 23 of the appellate rules does not apply in such cases because the court of appeals is not being asked to release a person pending the appeal of a decision by a district court on his quest for habeas corpus.

Inherent judicial authority to grant bail to persons who have asked for relief in an application for habeas corpus is a natural incident of habeas corpus, the vehicle by which a person questions the government's right to detain him. A judge ought to be able to decide whether the petitioner should be allowed to go free while his claim to freedom is being adjudicated. When the petitioner is an alien—in this case an illegal would-be immigrant, as we shall see, seeking to alter his status by obtaining asylum—asking for bail outside the habeas corpus setting, the claim of an inherent authority to grant bail is more questionable. In any event, an inherent judicial authority is not an indefeasible authority. It is an exercise of a court's common law powers and thus, unlike a ruling based on the Constitution, is subject to legislative curtailment. See, e.g., *United States v. Hasting*, 461 U.S. 499 (1983); *United States v. Payner*, 447 U.S. 727 (1980). (A ruling based on the Constitution would be an exercise of delegated rather than inherent judicial authority.) Even if in the absence of legislation a federal court could grant bail to an alien challenging a removal order, it cannot do so if Congress has forbidden it. That point decides this case.

Section 1225(b)(1)(B)(ii) of Title 8 provides that "if the [asylum] officer [who interviews an alien arriving in the United States without a proper visa] determines at the time of the interview that an alien has a credible fear of persecution . . . the alien shall be detained for further consideration of the application for asylum." The Attorney General can and often does release the alien on parole, 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5, but his decision to do so is not judicially reviewable. 8 U.S.C. § 1252(a)(2)(B)(ii). To allow a court to admit such an alien to bail while he is challenging a removal order would be inconsistent with these provisions. None of them was mentioned by the Second Circuit in the *Elkimya* case (nor were the Supreme Court's decisions in *Zaduydas* and *Demore* mentioned). They should have been; they were applicable to Elkimya even though, unlike the petitioner in this case, he was a lawful permanent resident. Section 1101(a)(13)(C)(ii) provides that a lawful permanent resident "shall not be regarded as seeking an admission into the United States for purposes of the immigration laws unless the alien . . . has been absent from the United States for a continuous period in excess of 180 days." Elkimya had been absent for four years when he attempted to return to the United States—which means he was not lawfully admitted upon his return, and which thus supplied an independent basis (also overlooked by the Second Circuit) for denying his release on bail—and the release of our petitioner as well.

To explain, in *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953), the Supreme Court held that a lawfully admitted alien who had left the country and been detained by the immigration authorities at Ellis Island when he tried to return had no right to be released. In *Zadvydas v. Davis*, *supra*, 533 U.S. at 692-93, the decision

that placed limitations on the detention of aliens pending removal, the Court distinguished *Mezei* on the ground that since he had been excluded (in the current parlance of immigration law, since he had not been lawfully admitted when he returned to this country from his sojourn abroad), "his presence on Ellis Island did not count as entry into the United States. Hence, he was 'treated,' for constitutional purposes, 'as if stopped at the border.'" *Id.* at 693, quoting *Mezei*, *supra*, 345 U.S. at 213. Our petitioner is in the same position. He had a U.S. tourist visa when he left the Philippines for the United States, but our embassy in Manila revoked the visa before he arrived at Los Angeles International Airport, and on arrival he was detained and remains in detention. Thus, just like Mezei, or for that matter Elkimya, he was not lawfully admitted to the United States, 8 U.S.C. 1101(a)(13)(A), and so had no right to be released.

Because our decision creates an intercircuit conflict, we have circulated it to the full court as required by our circuit rule 40(e). Judge Ripple voted to hear the case en banc; the remaining judges in regular active service voted not to hear the case en banc.

The motion for bail is

DENIED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*