10-5048-ag
Stolfa v. Holder

BIA
Reid, IJ
A089 010 066

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of August, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> PIERRE N. LEVAL,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

JAROSLAV STOLFA,
> *Petitioner,*

    v.                                        10-5048-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Jaroslav Stolfa, *pro se*, Batavia, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; John Hogan, Senior Litigation Counsel; Ashley Y. Martin, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Jaroslav Stolfa, a native of Czechoslovakia and citizen of the Czech Republic, seeks review of a November 30, 2010, decision of the BIA affirming the August 4, 2010, decision of Immigration Judge ("IJ") John B. Reid, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jaroslav Stolfa*, No. A089 010 066 (B.I.A. Nov. 30, 2010), *aff'g* No. A089 010 066 (Immig. Ct. Batavia Aug. 4, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified and supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder,* 562 F.3d 510, 513 (2d Cir. 2009).

**A.   Asylum**

We lack jurisdiction to review the agency's decision insofar as it pretermitted Stolfa's asylum application as untimely filed. *See* 8 U.S.C. § 1158(a)(3); *Xio Ji Chen v.*

*United States Dep't of Justice*, 471 F.3d 315, 323-24 (2d Cir. 2006) (holding a court may review discretionary decisions of the IJ only if they involve constitutional claims or questions of law); *see also Joaquin-Porras v. Gonzales*, 435 F.3d 172, 180 (2d Cir. 2006) ("[T]he IJ looked to the facts and circumstances as presented in this case and concluded that [Petitioner] did not qualify for an exception [to the timeliness requirement].  We therefore conclude that we cannot disturb the IJ's conclusion . . . ." (citation and internal quotation marks omitted)).

**B.  Withholding of Removal**

The agency denied withholding of removal based on an adverse credibility determination.  For the reasons that follow, this determination is supported by substantial evidence.  We therefore need not address the agency's alternative finding that Stolfa failed to establish persecution on account of a protected ground.

For applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistent statements, without regard as to whether they go "to the heart of [his] claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008).  We

3

afford "particular deference" to an IJ's credibility finding, especially when it is based on an assessment of the applicant's demeanor. *See Jin Chen v. United States Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005).

In assessing Stolfa's demeanor, the agency identified multiple instances of evasive testimony. *See Majidi v. Gonzales*, 430 F.3d 77, 82 n.1 (2d Cir. 2005) (determining petitioner's evasive manner bolstered IJ's adverse credibility determination). When asked about his work in the United States from 1997-2004, Stolfa replied: "The job in the United States and this and that and that, there were lots of my friends leaving for the United States . . . . They were doing job nobody wanted to do. They make money. They get back to Czech Republic." It took prolonged questioning to establish that Stolfa had worked connecting others to jobs. When asked about his employment from 2009-2010, Stolfa reverted to speaking about his work from 1997-2004. Eventually, the IJ was able to determine that Stolfa had worked, illegally, for a subcontractor cleaning floors. The IJ did not err in concluding that Stolfa purposely attempted to misdirect the Court, especially because many of Stolfa's other answers, including those regarding his work in the Czech Republic and the acquisition of his South Carolina driver's license, were relatively straightforward.

4

The agency also found key parts of Stolfa's claim implausible: that Stolfa, who testified that he was generally apolitical, nevertheless gave an impromptu speech at a political gathering of skinheads; that in the following months, skinheads recognized Stolfa in other locations and beat him; and that skinheads, without knowledge of Stolfa's identity, obtained his cell phone number and threatened him. The agency also questioned why Stolfa did not report the attacks to the police. Suggesting an alternative explanation for these incidents, the IJ noted that Stolfa's I-213 form reported that he owed money to organized crime in the Czech Republic (a claim Stolfa denies making).

**C. CAT Relief**

Because Stolfa failed to raise his CAT claim in his brief to this Court, we deem that claim abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005). Moreover, the CAT claim rests on the same factual predicate as the withholding claim. *See Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006) ("[A] petition for CAT relief may fail because of an adverse credibility ruling rendered in the asylum context where the factual basis for the alien's CAT claim was the same as that rejected in his asylum petition.").

5

**D.   Additional Arguments**

There is no support in the record for Stolfa's contention that the IJ was biased against him, or his assertion that the government's purportedly erroneous classification of him as a criminal deprived him of a full and fair opportunity to present his claims.  *See Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) (holding that due process requires that an applicant "be afforded the opportunity to be heard at a meaningful time and in a meaningful manner by an impartial and disinterested tribunal" (citation and internal quotation marks omitted)).

We construe Stolfa's challenge to his immigration detention as a bail motion.  *See Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007); *Elkimya v. Dep't of Homeland Security*, 484 F.3d 151, 153-54 (2d Cir. 2007).  However, he has failed to demonstrate that "'extraordinary circumstances exist[] that make the grant of bail necessary to make the [petition for review] remedy effective.'"  *Elkimya*, 484 F.3d at 154 (alterations in original)(quoting *Mapp v. Reno*, 241 F.3d 221, 230 (2d Cir. 2001)).  Stolfa may nevertheless file an application for custody or bond redetermination with the IJ having jurisdiction over his place of detention.  *See* 8 C.F.R. § 1003.19(a)-(d).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk