Delgado v. Quarantillo

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2010

(Argued: February 23, 2011        Decided: June 17, 2011)

Docket No. 10-1136-cv

_____

MONICA PATRICIA TENESACA DELGADO,

*Plaintiff-Appellant,*

—v.—

ANDREA QUARANTILLO, NEW YORK DISTRICT DIRECTOR OF THE UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES

*Defendant-Appellee.*

_____

Before: KEARSE, SACK, and KATZMANN, *Circuit Judges*.

Plaintiff-Appellant appeals from a March 3, 2010 judgment of the United States District

Court for the Southern District of New York (Chin, *J.*) dismissing plaintiff's complaint.  Because

we agree that the district court lacked jurisdiction, the judgment of the district court is **AFFIRMED**.

_____

JARRET A. KAHN, Esq., Elmsford, N.Y., *for Plaintiff-Appellant*.

KIRTI VAIDYA REDDY, Assistant United States Attorney (Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, N.Y., *for Defendant-Appellee*.

_____

PER CURIAM:

Plaintiff-Appellant Monica Patricia Tenesaca Delgado appeals from a March 3, 2010 judgment of the United States District Court for the Southern District of New York (Chin, *J.*) dismissing her complaint for lack of jurisdiction, and in the alternative, as barred by *res judicata*. As a matter of first impression in this circuit, we hold today that a district court lacks jurisdiction over an indirect challenge to an order of removal.

## I.    Background

In May 1999, Delgado, who is a native and citizen of Ecuador, attempted to enter the United States using false identification. She was prevented from entering and was removed pursuant to an expedited order of removal. In December 2000, Delgado entered the United States without inspection by crossing the Mexican border.

In January 2006, Delgado married a United States citizen, who is her attorney in this action. On July 11, 2006, the couple filed several forms in order to seek lawful permanent resident status for Delgado, including a Form I-212 for permission to reapply for admission after deportation or removal.[1] On October 26, 2006, the United States Citizenship and Immigration Services ("USCIS") denied Delgado's I-212 request because it had been filed from within the United States, and its denial letter stated that she was ineligible to seek admission because she did not apply for permission to reenter prior to her unlawful entry in December 2000. USCIS

---

[1] Section 212 of the Immigration and Naturalization Act provides that an alien, like Delgado, who has previously been ordered removed and subsequently enters the United States without being admitted is "inadmissible." 8 U.S.C. § 1182(a)(9)(C)(i)(II). However, such an alien may be admissible if "more than 10 years after the date of the alien's last departure from the United States" and "prior to the alien's reembarkation at a place outside the United States or attempt to be readmitted from a foreign contiguous territory, the Secretary of Homeland Security has consented to the alien's reapplying for admission." *Id.* § 1182(a)(9)(C)(ii). In order to apply for adjustment of status, a previously removed alien "must request permission to reapply for entry" by filing Form I-212. 8 C.F.R. § 212.2(e).

also denied her application for adjustment of status to lawful permanent resident, concluding that her inadmissibility could not be waived. That day, Delgado was arrested by immigration authorities, who reinstated her prior expedited removal order.

Delgado timely appealed, challenging the reinstatement of her removal order. On February 7, 2008, the Second Circuit upheld the reinstated order, construing 8 U.S.C. § 1182(a)(9)(C)(i)(II) to mean that a previously removed alien who reenters is subject to a "lifetime bar on admission," which is waivable at the Secretary of Homeland Security's discretion if the applicant "reappl[ies] for admission from abroad after at least ten years have elapsed since [her] latest departure from the United States." *Delgado v. Mukasey*, 516 F.3d 65, 69 (2d Cir. 2008). Someone subject to a lifetime bar is "ineligible to apply for adjustment of status from within the United States." *Id.* at 73.

Delgado subsequently brought this mandamus action to compel USCIS to make a determination on the merits of her I-212 application, alleging that USCIS denied her application in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, the Due Process Clause, and the Equal Protection Clause. On March 2, 2010, the district court dismissed her complaint, concluding that it lacked jurisdiction pursuant to the REAL ID Act of 2005, 8 U.S.C. § 1252(a)(5), and in the alternative, that Delgado's claims were barred by *res judicata*. *See Delgado v. Quarantillo*, No. 08 Civ. 9058, 2010 WL 726790 (S.D.N.Y. Mar. 2, 2010). Delgado was removed on May 26, 2010.

## II.   Discussion

We review *de novo* the district court's dismissal for lack of subject matter jurisdiction. *See, e.g.*, *Sharkey v. Quarantillo*, 541 F.3d 75, 82 (2d Cir. 2008). The REAL ID Act of 2005 amended the immigration laws to provide that "[n]otwithstanding any other provision of law (statutory or nonstatutory), . . . a petition for review filed with an appropriate court of appeals in

-3-

accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." 8 U.S.C. § 1252(a)(5). "Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction . . . by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact." *Id.* § 1252(b)(9).

Although section 1252(a)(5) would clearly preclude the district court's entertaining of a direct challenge to a removal order, this Court has not previously ruled on whether the district court has jurisdiction over an action like Delgado's, which seeks to force an adjudication on the merits of an I-212 application. We conclude that Delgado is indirectly challenging her reinstated order of removal, and accordingly, we hold that section 1252(a)(5)'s jurisdictional bar applies equally to preclude such an indirect challenge.

We reject Delgado's contention that she is not challenging the order of removal against her because, even if USCIS were to grant her an I-212 waiver, this would not "per se prevent her removal." Pl. Br. 22. Obtaining such a waiver is a necessary prerequisite to her ultimate goal of adjustment of status. We agree with the Ninth Circuit's conclusion that an "adjustment-of-status challenge is inextricably linked to the reinstatement of [an alien's] removal order," because "a nunc pro tunc Form I-212 waiver of inadmissibility and the adjustment of status to that of [a lawful permanent resident]" would render the reinstatement order "invalid." *Morales-Izquierdo v. Dep't of Homeland Sec.*, 600 F.3d 1076, 1082-83 (9th Cir. 2010).[2] We note, however, that a

---

[2] We note that the Ninth Circuit's decision in *Morales-Izquierdo* is both more recently decided and more analogous to the instant case than that court's decision in *Gonzales v.*

suit brought against immigration authorities is not *per se* a challenge to a removal order; whether the district court has jurisdiction will turn on the substance of the relief that a plaintiff is seeking.[3] *Cf. Kellici v. Gonzales*, 472 F.3d 416, 420 (6th Cir. 2006) (district court, not court of appeals, had jurisdiction where plaintiffs' "habeas petitions challenged only the constitutionality of the arrest and detention, *not* the underlying administrative order of removal").

We also find it inconsequential to our jurisdictional analysis that it was Immigration and Customs Enforcement ("ICE"), not USCIS, that reinstated Delgado's removal order. We agree with the *Morales* court that the Department of Homeland Security's "adoption of a bifurcated system to adjudicate adjustment-of-status applications and the reinstatement of prior removal orders is [not] determinative . . . of what Congress meant when it enacted [section 1252(a)(5)]." 600 F.3d at 1084. This division of administrative responsibility between ICE and USCIS does not allow an alien to circumvent Congress's clear intent to consolidate review of challenges to orders of removal in the courts of appeals.

Finally, we reject Delgado's arguments that federal question jurisdiction exists here either because her claim arises under the APA or because she is bringing a mandamus action. The APA explicitly does not apply "to the extent that . . . statutes preclude judicial review," 5 U.S.C. § 701(a)(1), as the REAL ID Act does in this instance. *E.g.*, *Lee v. CIS*, 592 F.3d 612, 620 (4th Cir. 2010) ("The claim raised in [the alien's] APA action falls squarely within the scope of § 1252(a)(2)(B)(i). Although Lee's claim in his amended complaint is carefully worded to

---

*Department of Homeland Security*, 508 F.3d 1227 (9th Cir. 2007), on which Delgado extensively relies.

[3] For example, we have previously noted in *Ruiz v. Mukasey*, 552 F.3d 269 (2d Cir. 2009), that § 1252(a)(5) "do[es] not preclude a district court from exercising jurisdiction over an action seeking review of the denial of an I-130 petition [for classification of an alien as an immediate relative of a U.S. citizen] because such a denial is unrelated to any removal action or proceeding." *Id.* at 274 n.3.

avoid expressly challenging the denial of his application for adjustment of status, that is clearly what Lee seeks to do.").  Nor may we allow Delgado to evade the restrictions of section 1252(a)(5) by styling her challenge as a mandamus action in order to claim jurisdiction under 28 U.S.C. § 1361.  *E.g.*, *Lang v. Napolitano*, 596 F.3d 426, 429 (8th Cir. 2010) (holding that there was an "obvious lack of district court jurisdiction" over claim for "injunctive and mandamus relief that would prohibit the agency from 'executing' [] removal order").

## III.    Conclusion

Because we conclude that the district court lacked jurisdiction over Delgado's complaint, we do not reach her remaining arguments.[4]  Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

---

[4] Although the district court lacked jurisdiction to reach the merits of Delgado's claims, our holding does not preclude Delgado from seeking to have USCIS address her merits arguments in a motion to reopen.  *See* 8 C.F.R. § 103.5.  Delgado may also be a candidate for a private bill.  *See* Margaret Mikyung Lee, Cong. Research Serv., RL33024, *Private Immigration Legislation* (2005), *available at* http://www.ilw.com/immigrationdaily/news/2005,0819-crs.pdf.