**Alkarim Pirbhai LAKHANI, Petitioner,**

v.

**U.S. CITIZENSHIP AND IMMIGRATION SERVICES, Vermont Service Center, St. Albans, Vermont, Respondent.**

Case No. 2:11–cv–58.

United States District Court, D. Vermont.

Sept. 30, 2011.

Alkarim Pirbhai Lakhani, Batavia, NY, pro se.

Kevin J. Doyle, AUSA, United States Attorney's Office, Burlington, VT, for Respondent.

## OPINION AND ORDER

(Docs. 6, 7, 8, 11 and 15)

WILLIAM K. SESSIONS III, District Judge.

Petitioner Alkarim Lakhani, proceeding *pro se*, initiated this action with a "Motion for Appeal" claiming that he was subject to a removal order, but that a pending visa application was not being adjudicated in a timely manner. (Doc. 6). Lakhani also moved the Court to stay the order of removal. His filings were submitted pursuant to 28 U.S.C. § 2241. (Doc. 1 at 1.)

Since this case was filed, Lakhani's visa application has been denied. Accordingly, the government has moved to dismiss his motions as moot. (Doc. 11.) The government also contends that this Court has no subject matter jurisdiction over the issue of removal, that venue is improper, and that Lakhani has failed to name the proper Respondent. In response, Lakhani argues that his visa application was wrongfully denied, and asks the Court to review its merits.

For the reasons set forth below, the government's motion to dismiss is GRANTED, and this case is DISMISSED.

### Factual Background

Lakhani reports that he has been in the custody of U.S. Immigration and Customs Enforcement ("ICE") since September 8, 2008. On October 8, 2008, he filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Ohio. That court found that because Lakhani's order of removal became final when the Board of Immigration Appeals ("BIA") affirmed it, his continued detention was proper under 18 U.S.C. § 1231. Specifically, the court found that "by refusing to board a series of flights scheduled to return him to Pakistan ..., Petitioner acted to thwart his removal in a manner other than by the avenues legally available to him," thereby suspending the usual 90-day removal period. (Doc. 9-2 at 4.)

In May 29, 2009, Lakhani filed a Form I–360 visa application, claiming that he was the battered spouse of a United States citizen. He initiated the instant case on March 14, 2011, claiming that his petition

was not being adjudicated in a timely manner, and that his continued detention was unconstitutional. (Doc. 4.) On April 4, 2011, he filed a motion for stay of removal "until the decision in this case has been decided." (Doc. 6.)

On May 4, 2011, Respondent United States Citizenship and Immigration Services ("USCIS") denied Lakhani's visa application, finding that the record did not contain sufficient evidence to demonstrate that he was a person of good moral character. (Doc. 11–1 at 3.) Lakhani filed an administrative appeal, and after a *de novo* review, the Administrative Appeals Office ("AAO") agreed that he had failed to demonstrate good moral character. (Doc. 16–1.) The AAO further found that Lakhani had failed to show battery or extreme cruelty. (*Id.*) Lakhani now claims that the denial of his visa application was in error, that it was based upon "biased statements and malicious lies," and that this Court should review the application on the merits. (Doc. 17 at 1, 4.)

*Discussion*

### I. *Motion for Stay of Removal*

■ As noted above, Lakhani has moved this Court to issue a stay of his removal. The government contends that the Court has no jurisdiction to issue such an order.

The REAL ID Act of 2005 states that jurisdiction over removal orders is limited to federal courts of appeals: "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter. . . ." 8 U.S.C. § 1252(a)(5). The Second Circuit has held that even when a removal order is being challenged indirect-

ly, the provisions of the REAL ID Act apply. *See Delgado v. Quarantillo,* 643 F.3d 52, 55 (2d Cir.2011).

The jurisdictional limits of Section 1252(a)(5) also prohibit district courts from considering motions to stay removal proceedings. *See Royale v. INS,* 2010 WL 2348651, at *1 (E.D.N.Y. June 9, 2010) ("The provisions of § 1252 also strip district courts of jurisdiction to stay an order of deportation or removal."); *Gumbs v. U.S. Atty. Gen.,* 2009 WL 385554, at *1 (N.D.N.Y. Feb. 11, 2009); *Thomas v. Spitzer,* 2008 WL 4360550, at *2 (S.D.N.Y. Sept. 23, 2008). Lakhani's motion for stay of removal (Doc. 6) is therefore DENIED for lack of jurisdiction.

### II. *Motion For Appeal*

■ Lakhani's "motion for appeal" argues that USCIS has failed to adjudicate his visa application "in a timely fashion," that the Department of Homeland Security has failed to provide "stop gap relief" such as parole or "Temporary Protected Status" with respect to his removal proceedings, and that his continued detention without a bond hearing violates his constitutional rights. (Doc. 4.) The motion was filed prior to the denial of Lakhani's visa application by USCIS.

■ Under Article III, Section 2 of the United States Constitution, an action must present a live "case or controversy" in order to be reviewable by a federal court. *See Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). Once USCIS issued its ruling on Lakhani's application, his timeliness claim ceased to present a live "case or controversy." Consequently, that issue is now moot. *See Martin–Trigona v. Shiff,* 702 F.2d 380, 386 (2d Cir.1983) (claim is moot when "the relief sought can no longer be given or is no longer needed").

■ To the extent that Lakhani's motion challenges his continued detention, and assuming that those issues survive the denial of his visa application, the Court has no jurisdiction to review his claims. Lakhani's first filing in this case stated that his intent was to file a petition pursuant to 28 U.S.C. § 2241. It is well established that a § 2241 petition challenging continued custody must be filed in the judicial district in which the petitioner is being held. *See* 28 U.S.C § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 442, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004). Because Lakhani is being detained in New York, this Court has no jurisdiction to adjudicate issues regarding the terms of his custody. Those claims are therefore DISMISSED without prejudice.

## III. *The Merits*

■ Lakhani's latter filings ask the Court to address the merits of his visa application. The government asserts that the Court should decline to address the merits because (1) Lakhani is not being held in Vermont, thus depriving this Court jurisdiction under § 2241, and (2) Lakhani has failed to name his custodian as the Respondent as required by 28 U.S.C. § 2242. Both objections are valid, although it would be within the Court's discretion to construe Lakhani's request for judicial review of his application as something other than a habeas petition, thereby relieving him of the requirements upon which the government relies. *See Castro v. United States,* 540 U.S. 375, 381, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.").

The Court further notes, however, that the USCIS decision involved agency discretion, and thus may not be reviewable. *See Ruiz v. Mukasey,* 552 F.3d 269, 276 n.

5 (2d Cir.2009) (noting that battered spouse petitions involve agency discretion, and thus may preclude judicial review). A district court's jurisdiction to review agency decisions in the immigration context is expressly limited by 8 U.S.C. § 1252(a)(2)(B). Specifically, 8 U.S.C. § 1252(a)(2)(B)(ii) provides that courts lack jurisdiction over certain decisions or actions that are "specified ... to be in the discretion of the Attorney General or the Secretary of Homeland Security...." 8 U.S.C. § 1252(a)(2)(B)(ii).

Battered spouse petitions, considered under 8 U.S.C. § 1154(a)(1)(J), require consideration of "any credible evidence relevant to the petition." 8 U.S.C. § 1154(a)(1)(J). The statute further provides that "[t]he determination of what evidence is credible and the weight to be given that evidence shall be within the sole discretion of the Attorney General." 8 U.S.C. § 1154(a)(1)(J). Accordingly, to the extent that evidence is determined to be credible, or is given certain weight, those decisions may not be reviewed by this Court. *See* 8 U.S.C. § 1252(a)(2)(B)(ii).

Here, the initial USCIS decision gave weight to evidence that Lakhani now claims should not have been considered, such as an Order of Protection issued against him in 2008, and a battery conviction in 1995. (Doc. 11-1 at 3.) Moreover, the AAO's decision found several "discrepancies between the petitioner's contemporaneous statements" and other evidence, thus "detract[ing] from the credibility of his explanation of his actions." (Doc. 16-1 at 7.) It is therefore plain that, in determining Lakhani's moral character, the agency exercised its discretion with respect to both weight and credibility determinations. This Court has previously held that such determinations are precluded from judicial review, *see Contant v. Napol-*

*itano,* 2010 WL 5300817, at *4 (D.Vt. Dec. 21, 2010), and reaches the same conclusion here. Lakhani's request for a review on the merits is therefore DENIED without prejudice.

### Conclusion

For the reasons set forth above, Lakhani's motion to stay removal and deportation (Doc. 6) is DENIED. Lakhani's motion to proceed *in forma pauperis* (Doc. 7) is DENIED as moot. The government's motion for extension of time to file an answer (Doc. 8) and motion for leave to file a response to Lakhani's sur-reply (Doc. 15) are both GRANTED. Finally, the government's motion to dismiss (Doc. 11) is GRANTED, and this case is DISMISSED without prejudice.