16-1109-pr
Giammarco v. Kerlikowske

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand sixteen.

PRESENT:  PIERRE N. LEVAL,
           ROBERT D. SACK,
           REENA RAGGI,
                *Circuit Judges.*

-----------------------------------------------------------------------

ARNALDO GIAMMARCO,

           *Petitioner-Appellant*,

PAOLINA MILARDO,

           *Petitioner,*

      v.                          No. 16-1109-pr

R. GIL KERLIKOWSKE, Commissioner, U.S. Customs and Border Protection, JEH JOHNSON, Secretary, U.S. Department of Homeland Security, SARAH SALDAÑA, Director, U.S. Immigration and Customs Enforcement, LORETTA E. LYNCH, Attorney General,

           *Respondents-Appellees*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:    AARON KORTHUIS, Law Student (Andrea Levien, Avinash Samarth, Claire Simonich, Jason Parkin, and Michael Wishnie, *on the brief*), Jerome N. Frank Legal Services

1

Organization, Yale Law School, New Haven, Connecticut.

APPEARING FOR APPELLEES: SHEREASE PRATT, Trial Attorney (Benjamin C. Mizer, Principal Deputy Assistant Attorney General; William C. Peachey, Director; Colin A. Kisor, Deputy Director; Elizabeth Stevens, Assistant Director, *on the brief*), Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa Lynne Bryant, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 5, 2016, is AFFIRMED.

Petitioner Arnaldo Giammarco, a former United States permanent resident who was removed as an aggravated felon to Italy in November 2012, appeals from the denial of his petition for a writ of habeas corpus ad testificandum, through which he sought reentry into the United States to comply with a legislative subpoena issued by the Judiciary Committee of the Connecticut General Assembly calling for his in-person testimony. The district court concluded that it lacked subject-matter jurisdiction because the petition was an indirect challenge to immigration officials' discretionary decisions, which courts have no power to review under 8 U.S.C. § 1252(a)(2)(B)(ii). We review a judgment of dismissal for lack of subject-matter jurisdiction de novo. See Liranzo v. United States, 690 F.3d 78, 84 (2d Cir. 2012). In so doing, we assume the

2

parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Giammarco disputes the conclusion that his petition was an indirect challenge to decisions by respondents denying him humanitarian and public benefit parole, a visa waiver, and a visitor visa. Giammarco contends that his petition is properly construed as an attempt to comply with the legislative subpoena, which he pursued only after several "less-burdensome attempt[s]" were exhausted. Appellant's Reply Br. 13. We disagree.

Title 8 U.S.C. § 1252(a)(2)(B)(ii) states that "[n]otwithstanding any . . . habeas corpus provision . . . no court shall have jurisdiction to review – . . . any [] decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is . . . in the discretion of the Attorney General or the Secretary of Homeland Security." This language plainly erects a jurisdictional bar to a court's review of a discretionary immigration decision. See Kucana v. Holder, 558 U.S. 233, 248 (2010); see also 8 U.S.C. § 1182(d)(5)(A) (recognizing that decision to grant parole is subject to the Attorney General's discretion); 8 C.F.R. § 212.5(a); Bolante v. Keisler, 506 F.3d 618, 621 (7th Cir. 2007) (explaining that "Attorney General can and often does release [an] alien on parole," but that "decision to do so is not judicially reviewable").

Construing a similar jurisdictional bar to judicial review of removal orders, see 8 US.C. § 1252(a)(5)(A), this court observed that "whether the district court has jurisdiction" over a suit brought against immigration authorities "will turn on the

3

substance of the relief that a plaintiff is seeking." Delgado v. Quarantillo, 643 F.3d 52, 55 (2d Cir. 2011) (considering whether challenge before court is "inextricably linked" to order or decision beyond judicial review (internal quotation marks omitted)). In Delgado, the plaintiff brought a mandamus action seeking to compel the United States Citizenship and Immigration Services to make a determination on the merits of an application for an I-212 waiver, which was a "necessary prerequisite to her ultimate goal of adjustment of status." Id. This court affirmed dismissal on jurisdictional grounds, concluding that the plaintiff was "indirectly challenging her reinstated order of removal" because "an adjustment-of-status challenge is inextricably linked to the reinstatement of an alien's removal order," as "a nunc pro tunc Form I-212 waiver of inadmissibility and the adjustment of status to that of a lawful permanent resident would render the reinstatement order invalid." Id. (alterations and internal quotation marks omitted).

Here, Giammarco seeks authorization for temporary reentry so as to allow him to provide testimony to the Connecticut State Assembly in connection with a legislative hearing on the impact of state criminal convictions on immigrant households and two private bills for the pardoning of his 31 Connecticut state crimes. The substance of the relief sought in the petition for a writ of habeas corpus ad testificandum is thus identical to the relief Giammarco sought through his applications for parole, a visa waiver, and a visitor visa. Indeed, Giammarco admits that his application for parole was premised on his need to enter the United States to testify, see Appellant's Br. 9, and further acknowledges that he only pursued the writ because that application as well as his visa

4

requests were denied. Accordingly, as in <u>Delgado</u>, a decision in Giammarco's favor would render the prior discretionary denials invalid.[1] We, therefore, conclude that the district court correctly dismissed the petition for lack of subject-matter jurisdiction.

In urging otherwise, Giammarco contends that <u>Delgado</u> is inapplicable because his petition is not inextricably linked to a prior <u>removal order</u>. The argument fails because <u>Delgado</u>'s reasoning applies equally to an indirect challenge to discretionary decisions, as such decisions are subject to a nearly identical jurisdictional bar under 8 U.S.C. § 1252(a)(2)(B)(ii), which applies "[n]otwithstanding" any "habeas corpus provision."

Thus, because Giammarco's petition for a writ of habeas corpus <u>ad testificandum</u> essentially seeks to void discretionary decisions denying him the same relief, his petition is inextricably linked to those decisions. <u>See</u> <u>Delgado v. Quarantillo</u>, 643 F.3d at 55. Accordingly, the district court correctly concluded that it lacked jurisdiction to consider the merits of Giammarco's habeas petition. <u>See</u> 8 U.S.C. § 1252(a)(2)(B).

We have considered Giammarco's remaining arguments and conclude that they are without merit. We, therefore, AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1] Moreover, the basis of Giammarco's habeas petition is that he has been "restrained" by respondents by virtue of these application denials. Thus, there is no question that he here seeks to override those discretionary decisions.

5