16-0321-cv
Qiao v. Lynch

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand seventeen.

PRESENT:  REENA RAGGI,
          DENNY CHIN,
          RAYMOND J. LOHIER, JR.,
                              *Circuit Judges*.

------------------------------------------------------------------------
JIAN QIAO, AKA CHEN MING,

                    *Plaintiff-Appellant*,

          v.                                      No. 16-0321-cv

LORETTA E. LYNCH, ATTORNEY GENERAL OF THE UNITED STATES DEPARTMENT OF JUSTICE,

                    *Defendant-Appellee*.
------------------------------------------------------------------------

FOR APPELLANT:          David Jason Rodkin, Law Offices of David J. Rodkin, Esq., New York, New York.

FOR APPELLEE:           Kirti Vaidya Reddy and Christopher Connolly, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 2, 2015, is AFFIRMED.

Plaintiff Jian Qiao is a Chinese national who was granted asylum in 2001 on the basis of a well-founded fear of political persecution. He here appeals the dismissal for lack of subject-matter jurisdiction of his complaint challenging the reopening of his removal proceedings based on evidence that he had returned to China on multiple occasions after being granted asylum. We review *de novo* the dismissal of a complaint for lack of subject-matter jurisdiction, accepting the alleged facts as true and drawing all reasonable inferences in plaintiff's favor. *See Barrows v. Burwell*, 777 F.3d 106, 111 (2d Cir. 2015); *Delgado v. Quarantillo*, 643 F.3d 52, 54 (2d Cir. 2011). In so doing, we assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm.

Qiao claims that the district court had jurisdiction to review the Immigration Judge's ("IJ's") reopening decision under 28 U.S.C. § 1331 and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*[1] Judicial review of agency action is not available under the APA where such review is limited by another statute. *See* 5 U.S.C. § 701(a)(1); *Delgado v. Quarantillo*, 643 F.3d at 55. The Immigration and Nationality Act precluded the district court's review here. It states that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an

---

[1] Qiao has explicitly waived his claim of review jurisdiction under the collateral order doctrine, and thus we do not consider it further.

alien from the United States under this subchapter shall be available only in judicial review of a *final order* under this section." 8 U.S.C. § 1252(b)(9) (emphasis added). Further, "a petition for review filed with an appropriate *court of appeals* in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." *Id.* § 1252(a)(5) (emphasis added). Together, these provisions limit judicial review to determinations whose substance is "inextricably linked" to final orders of removal, *Delgado v. Quarantillo*, 643 F.3d at 55 (explaining that whether district court has jurisdiction will turn on substance of relief that plaintiff seeks), and then only by courts of appeals, *see INS v. Chadha*, 462 U.S. 919, 938 (1983) (stating that court of appeals is exclusive forum for judicial review not only for final order of removal, but also for "all matters on which the final [removal] order is contingent, rather than only those determinations made at the [removal] hearing").

Like the district court, we conclude that the IJ's challenged order reopening removal proceedings against Qiao is inextricably linked to the removal proceedings, as well as any removal order that may ultimately result from reopening those proceedings. We reach this conclusion because any review of reopening would require consideration of the merits of Qiao's eligibility for removal—specifically, whether the United States Immigration and Customs Enforcement's proffered evidence was adequate to support a finding that Qiao is no longer eligible for asylum and is, therefore, removable. Indeed, this conclusion is confirmed by Qiao's cursory attempt to argue the merits of whether "return trips to the country of alleged persecution were [] alone enough to support an

3

order of removal." Appellant's Reply Br. 6. Because reopening is preliminary to and not in fact a final order of removal, and because even such a final order is reviewable only by the court of appeals, the district court correctly dismissed Qiao's complaint for lack of jurisdiction.

We have considered all of Qiao's remaining arguments and conclude that they are without merit. Accordingly, the dismissal of his complaint for lack of subject-matter jurisdiction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court