16-868-cv
*Freire v. U.S. Dep't of Homeland Sec.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

      **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand eighteen.**

PRESENT:    José A. Cabranes,
                   Rosemary S. Pooler,
                   Gerard E. Lynch,
                            *Circuit Judges.*

---

Altair Claudio Freire,

        *Plaintiff-Appellant,*                  16-868-cv

        v.

United States Department of Homeland Security, Kirstjen Nielsen, Secretary of Homeland Security, Lee Cissna, Director, US Citizenship and Immigration Services ("USCIS"), Jefferson B. Sessions, III, Attorney General, Ron Rosenberg, Chief, USCIS Administrative Appeals Office, Edward Newman, District Director for District 2

USCIS, Leah Van Wilgen, Director, USCIS
Hartford Field Office,

Defendants-Appellees.*

FOR PLAINTIFF-APPELLANT:     Justin Conlon, Law Offices of Justin
                                                           Conlon, Hartford, CT.

FOR DEFENDANTS-APPELLEES:     Benjamin C. Mizer, Deputy Principal
                                                           Assistant Attorney General (William C.
                                                           Peachey, Director; Christopher W.
                                                           Dempsey, Assistant Director; and Troy D.
                                                           Liggett, Trial Attorney, District Court
                                                           Section, Office of Immigration Litigation,
                                                           *on the brief*), Civil Division, U.S.
                                                           Department of Justice, Washington, DC.

Appeal from a judgment of March 18, 2016 of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment be, and it hereby is, **VACATED** and the cause **REMANDED** with an instruction to dismiss the plaintiff's complaint for lack of subject-matter jurisdiction.

Plaintiff-Appellant Altair Claudio Freire ("Freire") appeals the District Court's judgment entered in favor of Defendants-Appellees pursuant to Rule 56(a) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts and the procedural history of the case. Freire argues on appeal that the District Court erred in refusing to set aside, pursuant to section 10(e)(B) of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) (2012), the decision of the United States Citizenship and Immigration Services Administrative Appeals Office ("AAO") to deny his application for permission to reapply for admission into the United States after deportation or removal.

We conclude that the District Court lacked subject-matter jurisdiction to review the AAO's decision.

---

* The Clerk is hereby directed to amend the caption as shown above.

Section 242(a)(5) of the Immigration and Nationality Act of 1965, as amended, provides that "the sole and exclusive means for judicial review of an order of removal" is a petition for review submitted in accordance with the terms of the Act. 8 U.S.C. § 1252(a)(5) (2012). By implication, section 242(a)(5) also removes jurisdiction from the district courts over any challenge of the denial of an application for status adjustment of a party who is already subject to a removal order, if the relief requested in the challenge would invalidate the order; such a challenge is in effect an attempt to obtain judicial review of the removal order indirectly. *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011). This bar to jurisdiction precludes indirect review of both reinstated removal orders, *see id.*, and initial removal orders that remain pending, *see Singh v. USCIS*, 878 F.3d 441 (2d Cir. 2017).

Freire's complaint in the District Court presented exactly the kind of indirect challenge that *Delgado* bars. An order of removal was issued against Freire on December 14, 2011 and remains pending. *See* J.A. 133–38 (order of removal); *Freire v. U.S. Dep't of Homeland Sec.*, No. 16-868-cv (2d Cir. Oct. 30, 2017), ECF No. 104 (order granting motion for stay of removal). In the meantime, like the plaintiffs in *Delgado* and *Singh*, Freire has sought review of an administrative denial of his application for an adjustment of status that, if it had been granted, would have allowed him to reside permanently in the United States and would thereby invalidate the removal order. *See* J.A. 34–44 (Freire's complaint); *id.* at 218–21 (Freire's Form I-485); *id.* at 266 (Freire's Form I-266).

## CONCLUSION

We therefore **VACATE** the District Court's judgment of March 18, 2016 and **REMAND** the cause to the District Court with the instruction that it dismiss Freire's complaint for lack of subject-matter jurisdiction. The order of October 30, 2017 granting Freire's motion for a stay of removal is hereby **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3