ERIC N. VITALIANO, United States District Judge
On September 20, 2017, plaintiff Minghui Pan commenced this action, seeking review of the determination by United States Citizenship and Immigration Service ("USCIS") denying his application for adjustment of his immigration status, as well as his subsequent motion to reopen and reconsider that application. (Compl., ECF No. 1). Defendants have moved to dismiss for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. (Mot. to Dismiss at 1, ECF No. 18). Plaintiff has not filed a brief in opposition. For the reasons set forth below, this action is dismissed without prejudice for want of subject matter jurisdiction.
Background
On October 18, 1992, Pan entered the United States via an aircraft that landed at Honolulu International Airport in Hawaii. (Certified Administrative Record at 112, ECF No. 20-1 ("R.") ). During an airport inspection with an official from the then Immigration and Naturalization Service ("INS"), he presented a Singaporean passport bearing his photograph and identifying him as Guan Guan Ong. (Id. at 145). The passport contained a United States nonimmigrant visa. (Id. at 2). When INS conducted a secondary inspection, Pan admitted that he was not Guan Guan Ong. (Id. at 113). INS paroled him into the United States and began exclusion proceedings, *248 a predecessor to contemporary removal proceedings. (See id. at 123-25). Pan was charged, inter alia , with inadmissibility under 8 U.S.C. § 1182(a)(6)(C)(i) for having procured or sought to procure a visa, other documentation, admission into the United States, or other immigration benefit through fraud or willful misrepresentation of a material fact. (Id. ). He admitted that he had violated the statute in the underlying exclusion proceedings, where he was represented by counsel. (Id. at 121).
On November 22, 1994, an immigration judge ("IJ") ordered Pan excluded and deported. (Id. at 111). Plaintiff appealed to the Board of Immigration Appeals ("BIA"). (Id. at 3). On May 16, 1995, BIA affirmed the IJ's order. (Id. ). Nonetheless, to this day, Pan has failed to depart the United States as required. (Id. ).
On April 16, 2016, plaintiff filed an I-485 adjustment-of-status application with USCIS, (id. at 38-43), and, on May 31, 2016 and February 6, 2017, he appeared before USCIS for interviews regarding his application, (id. at 4). On March 17, 2017, however, USCIS denied the adjustment application. (Id. at 4-10). The agency noted that, when Pan filed his application, he was "present in the United States contrary to law because [he had been] ordered excluded by the IJ on November 22, 1994." (Id. at 5). USCIS determined that plaintiff was inadmissible "for fraud or willful misrepresentation of a material fact" because he "attempted to gain admission into the United States by presenting a fraudulent photo substituted Singapore passport when [he] arrived." (Id. at 4). The decision advised Pan that he was "not authorized to remain in the United States" and directed him to "make arrangements to depart as soon as possible." (Id. at 5).
On April 21, 2017, plaintiff filed a motion to reopen and reconsider his adjustment application, (id. at 24-25), but, on August 17, 2017, USCIS denied the motion and affirmed its March 17, 2017 decision on the adjustment application, (id. at 1-3). The agency invoked statutory and discretionary grounds for its decision. It determined that Pan was statutorily ineligible for adjustment of status, pursuant to 8 U.S.C. § 1182(a)(6)(C)(i), for "willfully misrepresenting a material fact" when he "presented a Singaporean passport with [his] photograph issued to Guan Guan Ong." (Id. at 2). It also denied his application "as a matter of discretion." (Id. ). The decision noted that an applicant may offset adverse factors in his application "by showing unusual or even outstanding equities," with examples being "family ties, hardship, and length of residence in the United States." (Id. ). However, USCIS found that Pan's fraudulent entry, combined with his remaining in the United States and his engaging in unauthorized employment, "outweigh[ed] the scarce positive equity that [he] presented before USCIS such as [his] family ties." (Id. at 3).
Pan filed the complaint in this action on September 19, 2017. (Compl., ECF No. 1). Defendants served their motion on plaintiff's counsel on August 21, 2018. (Letter at 1, ECF No. 21). One month later, plaintiff moved for an extension of time to serve his opposition, (Mot. for Extension of Time, ECF No. 14), which the Court granted, setting an extended due date of October 11, 2018. Notwithstanding, despite several efforts by defense counsel, plaintiff never submitted opposition papers. (Letter at 1, ECF No. 21). Thus, the Court considers the motion without the benefit of responsive briefing.
Standard of Review
The burden of establishing federal subject matter jurisdiction rests on the shoulders of the party invoking jurisdiction, not the party challenging it, and proof of jurisdiction *249 must be by a preponderance of the evidence. See, e.g., Augienello v. FDIC , 310 F.Supp.2d 582, 587-88 (S.D.N.Y. 2004). Although a court "must accept as true all material factual allegations in the complaint," unlike most other Rule 12 motions, it need not draw inferences favorable to the party asserting jurisdiction, J.S. ex rel. N.S. v. Attica Cent. Schs. , 386 F.3d 107, 110 (2d Cir. 2004), and it "may resolve disputed factual issues by reference to evidence outside the pleadings," Augienello , 310 F.Supp.2d at 588. Certainly, "no presumptive truthfulness attaches to the complaint's jurisdictional allegations." Id. (quoting Guadagno v. Wallack Ader Levithan Assocs. , 932 F.Supp. 94, 95 (S.D.N.Y. 1996) ).
On the other hand, when deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, a court must (1) accept as true all of the plaintiff's factual allegations and (2) draw all reasonable inferences in his favor. See Teichmann v. New York , 769 F.3d 821, 825 (2d Cir. 2014). Courts must nevertheless ensure that complaints plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly , 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ).
"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly , 550 U.S. at 556, 127 S.Ct. 1955 ). This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly , 550 U.S. at 556, 127 S.Ct. 1955 ). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting Twombly , 550 U.S. at 557, 127 S.Ct. 1955 ). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " Id. (quoting Twombly , 550 U.S. at 555, 127 S.Ct. 1955 ). Similarly, a complaint fails to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Id. (alteration in original) (quoting Twombly , 550 U.S. at 557, 127 S.Ct. 1955 ).
Discussion
I. Federal Jurisdiction
Because no court has the power to address the merits of a case in the absence of subject matter jurisdiction, defendants' 12(b)(1) motion must be decided before reaching their 12(b)(6) motion. See Polera v. Bd. of Educ. , 288 F.3d 478, 481 (2d Cir. 2002). Regardless of how counterintuitive it might seem, federal courts, unlike their state brethren, are courts of limited subject matter jurisdiction. Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont , 565 F.3d 56, 62 (2d Cir. 2009). "A federal court's entertaining a case that is not within its subject matter jurisdiction is no mere technical violation; it is nothing less than an unconstitutional usurpation of state judicial power." Atanasio v. O'Neill , 235 F.Supp.3d 422, 424 (E.D.N.Y. 2017) (citations omitted); see also Vera v. Republic of Cuba , 867 F.3d 310, 316 (2d Cir. 2017) ("[S]ubject matter jurisdiction 'functions as a restriction on federal power.' " (quoting Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee , 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) ) ).
Consequently, given their limited role in the judicial system established by our Constitution, federal courts have a *250 continuing and independent duty to ensure that they possess subject matter jurisdiction, and must dismiss a case when they find subject matter jurisdiction lacking. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Wachovia Bank, N.A. v. Schmidt , 546 U.S. 303, 316, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006) ("Subject-matter jurisdiction ... concerns a court's competence to adjudicate a particular category of cases;... [it] must be considered by the court on its own motion, even if no party raises an objection."); Durant , 565 F.3d at 62-63 (citing Louisville & Nashville R.R. v. Mottley , 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908) ).
II. Orders of Removal
Pursuant to 8 U.S.C. § 1252(a)(5), "a petition for review filed with an appropriate court of appeals ... shall be the sole and exclusive means for judicial review of an order of removal." In establishing the regimen for review, this provision not only channels review of orders of removal exclusively to the courts of appeals but also strips district courts of jurisdiction to offer any kind of remedy in such challenges. The Second Circuit has construed the scope of the provision broadly, holding that it precludes district courts from exercising subject matter jurisdiction over actions that even "indirectly challeng[e] [an] order of removal." Delgado v. Quarantillo , 643 F.3d 52, 55 (2d Cir. 2011). "[W]hether the district court has jurisdiction will turn on the substance of the relief that a plaintiff is seeking." Id. It follows that § 1252(a)(5)"removes jurisdiction from the district courts over any challenge [to] the denial of an application for status adjustment of a party who is already subject to a removal order, if the relief requested in the challenge would invalidate the order." Freire v. U.S. Dep't of Homeland Sec. , 711 F. App'x 58, 59 (2d Cir. 2018) (summary order); accord Noor v. Homan , No. 17-cv-1558 (WFK), 2018 WL 1313233, at *3-4 (E.D.N.Y. Feb. 27, 2018) ("Regarding Plaintiff's request for an adjustment in his status, this Court also lacks jurisdiction because the request, in effect, challenges a removal order. The practical effect of changing Plaintiff's status to that of a legal permanent resident would be to void the removal order." (citing Delgado , 643 F.3d at 55 ) ).
Given the strong injunction from current precedent, Pan's challenge is barred because it represents an indirect challenge to a removal order. If the Court were to grant the relief Pan desires, by ordering that defendants grant his adjustment application, then Pan would become a lawful permanent resident, invalidating the order of removal. Therefore, as in Noor , the Court lacks jurisdiction. See Noor , 2018 WL 1313233, at *3-4 ; accord Ling Yin v. U.S. Dep't of Homeland Sec. , No. 15-cv-5588 (PKC), 2017 WL 818416, at *4 (E.D.N.Y. Feb. 27, 2018) ; Chen v. Johnson , No. 15-cv-3422 (RRM), 2016 WL 4544034, at *5 (E.D.N.Y. Aug. 30, 2016).
III. Discretionary Decisions Under § 1255
There are, moreover, other immovable impediments to the exercise of district court jurisdiction. The Court, for example, lacks subject matter jurisdiction because Congress has precluded judicial review of discretionary immigration decisions, including decisions on I-485 adjustment applications, the authority for which derives from 8 U.S.C. § 1255. Federal law specifically provides that "[n]otwithstanding any other provision of law ... no court shall have jurisdiction to review ... any judgment regarding the granting of relief under section ... 1255 of this title."
*251 8 U.S.C. § 1252(a)(2)(B). The Second Circuit has squarely held that the statute "eliminates district court jurisdiction to review the denial of an I-485 adjustment of status application." Ruiz v. Mukasey , 552 F.3d 269, 275 n.4 (2d Cir. 2009) ; see also Cruz-Miguel v. Holder , 650 F.3d 189, 193 (2d Cir. 2011) ("Federal courts lack jurisdiction to review a discretionary denial of adjustment of status."). Therefore, USCIS's decision on Pan's I-485 application is unreviewable.
There is, though, a need to pause before resolving plaintiff's application for relief since USCIS invoked both statutory and discretionary grounds for its decision. Congress has carved out an exception permitting judicial review of "nondiscretionary decisions regarding [an] alien's eligibility [for status adjustment]." Sandhu v. United States , 916 F.Supp.2d 329, 333 (E.D.N.Y. 2013). However, where an immigration judge denies an application for adjustment of status "based both on his determination that [an alien] was statutorily ineligible for such relief and his determination that [the alien] did not merit a favorable exercise of discretion," the Second Circuit has held that courts "lack[ ] jurisdiction to review such a discretionary denial." Ling Yang v. Mukasey , 514 F.3d 278, 279 (2d Cir. 2008) (per curiam). The jurisdictional bar of § 1252(a)(2)(B) stems from Congress's determination that Article III courts should not revisit an immigration judge's weighing of evidence, Guyadin v. Gonzales , 449 F.3d 465, 468 (2d Cir. 2006), and such balancing is implicated even when an immigration judge relies only in part on discretionary factors. Because the immigration judge here invoked Pan's statutory violation as well as determined that the "positive equity is not sufficiently meritorious to outweigh the negative equities," (R. at 3 (emphasis added) ), his decision was certainly at least partially discretionary, and judicial review is barred by § 1252(a)(2)(B).
Conclusion
For the reasons discussed above, defendant's motion to dismiss is granted, pursuant to Rule 12(b)(1). The alternative Rule 12(b)(6) motion is denied as academic. The complaint is dismissed without prejudice.
The Clerk of Court is directed to enter judgment accordingly and to close this case.
So Ordered.