18-3771-cv
Islam v. Quarantillo

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand twenty.

PRESENT: RAYMOND J. LOHIER, JR.,
              JOSEPH F. BIANCO,
              MICHAEL H. PARK,
                   *Circuit Judges*.

------------------------------------------------------------------

MD AMINUL ISLAM,

        *Plaintiff-Appellant*,

      v.                             No. 18-3771-cv

ANDREA QUARANTILLO, DISTRICT DIRECTOR, NEW YORK DISTRICT-LEGALIZATION UNIT, U.S. DEPARTMENT OF HOMELAND SECURITY, JOHN W. BIRD, CHIEF, HUMANITARIAN AFFAIRS BRANCH, INTERNATIONAL OPERATIONS DIVISION, U.S. DEPARTMENT OF HOMELAND

SECURITY,

*Defendants-Appellees*.

-----------------------------------------------------------------

FOR PLAINTIFF-APPELLANT: Md. Aminul Islam, *pro se*, Mirpur, Dhaka, Bangladesh.

FOR DEFENDANTS-APPELLEES: Varuni Nelson, Rachel G. Balaban, Alex S. Weinberg, Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Md. Aminul Islam, proceeding pro se, appeals from the judgment of the District Court (Matsumoto, J.) dismissing sua sponte his claims under 42 U.S.C. § 1983. In 2018 Islam sued two Department of Homeland Security officials claiming that they violated his constitutional, statutory, and human rights when they denied his applications for permanent residence in 2009 and for

2

humanitarian parole in 2016. The District Court held that it lacked subject-matter jurisdiction over Islam's claims, and Islam appealed. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

In "a suit brought against immigration authorities[,] . . . whether the district court has jurisdiction will turn on the substance of the relief that a plaintiff is seeking." Delgado v. Quarantillo, 643 F.3d 52, 55 (2d Cir. 2011). Although Islam's complaint claimed a violation of section 1983, in substance he sought review of the 2009 and 2016 immigration decisions themselves. His complaint was brought against federal immigration officials (rather than state officials), alleged that the decisions of those officials were incorrect, and ultimately sought admission to the United States. As explained below, we therefore agree with the District Court that it lacked jurisdiction to review Islam's challenge to either of the immigration decisions at issue.

The challenged 2009 decision concerned Islam's application under the Legal Immigration Family Equity Act to obtain permanent resident status in the United States. See Pub. L. No. 106–553, § 1104(a), 114 Stat. 2762 (Dec. 21, 2000).

3

"There shall be judicial review of such a denial only in the judicial review of an order of deportation[.]" 8 U.S.C. § 1255a(f)(4)(A); see Reno v. Catholic Soc. Servs., Inc., 509 U.S. 43, 55 (1993). Islam does not challenge an order of deportation and did not plead or adduce evidence showing that he was ever subject to such an order. So we agree with the District Court that it could not review Islam's challenge to the 2009 decision.[1]

The District Court also correctly concluded that it could not review Islam's challenge to the 2016 decision. That decision concerned Islam's 2015 application for humanitarian parole based on emergency medical issues that he suffered. The decision whether to grant "parole into the United States temporarily . . . for urgent humanitarian reasons" is left to the Attorney General's "discretion." 8 U.S.C. § 1182(d)(5)(A); see Cruz-Miguel v. Holder, 650 F.3d 189, 194–96 (2d Cir. 2011). Accordingly, the 2016 decision is unreviewable in federal district court, see 8 U.S.C. § 1252(a)(2)(B)(ii), and may be reviewed by a federal appeals court

---

[1] While the District Court mistakenly relied on 8 U.S.C. § 1255 instead of 8 U.S.C. § 1255a(f)(4)(A) when holding that it lacked jurisdiction to hear Islam's claims, "we are entitled to affirm the [District Court's] judgment on any basis that is supported by the record." Crawford v. Franklin Credit Mgmt. Corp., 758 F.3d 473, 482 (2d Cir. 2014).

only upon a petition for review that raises "constitutional claims or questions of law," id. § 1252(a)(2)(D). Islam has not filed a petition for review, and we decline to construe his appeal as presenting such a petition given his failure to plead or adduce evidence that he is or was subject to an order of removal. As a result, neither the District Court nor this Court can review Islam's challenge to the 2016 decision.

We have considered Islam's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court