22-297-cv
Santos-Torres v. Houghton

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand twenty-two.

PRESENT:
> AMALYA L. KEARSE,
> MICHAEL H. PARK,
> ALISON J. NATHAN,
> *Circuit Judges.*

---

Sandro Yobani Santos-Torres,

> *Plaintiff-Appellant*,

> v.                                                      22-297

Timothy J. Houghton, in his official capacity, District Director, New York District Office, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security, Tracy Renaud, in his official capacity, Senior Official performing the duties of the Director, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security, Alejandro N. Mayorkas, in his official capacity, Secretary, U.S. Department of Homeland Security, United States Citizenship and Immigration Services, United States Department of Homeland Security,

> *Defendants-Appellees.*

---

FOR PLAINTIFF-APPELLANT: Jan H. Brown, Law Offices of Jan H. Brown, P.C., New York, NY.

FOR DEFENDANTS-APPELLEES: Jessica F. Rosenbaum, Christopher Connolly, Assistant United States Attorneys, Of Counsel, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Sandro Yobani Santos-Torres appeals the district court's dismissal of his complaint for lack of subject matter jurisdiction. Santos-Torres was ordered removed in absentia in 2004 after failing to appear at his removal proceeding. In 2019, Santos-Torres filed an I-212 application with the United States Citizenship and Immigration Services ("USCIS") for permission to reapply for admission. USCIS denied the application in 2020 after weighing several factors, including Santos-Torres's family ties and his prior order of removal. Almost a year later, Santos-Torres challenged USCIS's July 2020 denial in federal court. The district court dismissed for lack of subject matter jurisdiction, finding that USCIS's denial of the I-212 application was an unreviewable discretionary determination and that Santos-Torres's complaint constituted an indirect challenge to his removal order that was also unreviewable in district court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of a motion to dismiss under Federal Rule of

2

Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. *Bldg. Indus. Elec. Contractors Ass'n v. City of N.Y.*, 678 F.3d 184, 187 (2d Cir. 2012). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

The district court correctly granted the motion to dismiss for lack of subject matter jurisdiction. Santos-Torres cannot challenge the denial of his I-212 application in district court. The "court of appeals," not the district court, is the "sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5). Santos-Torres's I-212 application is an indirect challenge to an order of removal. *See Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011). Thus, only the court of appeals would have exclusive jurisdiction over a timely challenge to the denial of Santos-Torres's I-212 application. *Id. Nasrallah v. Barr*, 140 S. Ct. 1683 (2020), does not hold otherwise. In *Nasrallah* the Supreme Court held that a challenge to the denial of relief under the Convention Against Torture ("CAT") is not subject to the same jurisdictional limitations as an order of removal because CAT relief "does not disturb the final order of removal." *Id.* at 1691. The Supreme Court made clear that "rulings that affect the validity of the final order of removal merge into the final order of removal for purposes of judicial review." *Id. Delgado*'s holding—that the denial of an I-212 application is reviewable only by the courts of appeals when such an application is a necessary prerequisite to the applicant's ultimate goal of obtaining

immigration relief that affects the validity of a final order of removal—is thus entirely consistent with *Nasrallah*. *See Nasrallah*, 140 S. Ct. at 1691–92; *Delgado*, 643 F.3d at 55.[1]

Finally, the district court had no reason to transfer Santos-Torres's complaint to this Court because transfer is appropriate only where the transferee court would have had jurisdiction. *See Ruiz v. Mukasey*, 552 F.3d 269, 273 (2d Cir. 2009) (citing 28 U.S.C. § 1631). This Court's jurisdiction is limited to petitions for review "filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). Even if USCIS's decision denying Santos-Torres's I-212 application constituted a reviewable removal order, USCIS issued that decision in July 2020, and Santos-Torres filed his district court complaint over eight months later, in April 2021. The district court thus was not required to transfer the case where we would have lacked jurisdiction due to the untimely petition for review anyhow.

We have considered all of Santos-Torres's remaining arguments and find them to be without merit. For these reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Nor does the Administrative Procedure Act ("APA") provide a basis for jurisdiction. *See Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1905 (2020) (establishing that the APA's presumption of judicial review "can be rebutted by a showing that the relevant statute precludes review" (quotation marks and brackets omitted)).

4