10-927-ag (L); 10-4397-ag (Con)
Chhabra v. Holder

BIA
Hom, IJ
A035 450 508

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10ᵗʰ day of November, two thousand eleven.

PRESENT:
>       JON O. NEWMAN,
>       ROBERT A. KATZMANN,
>       DENNY CHIN,
>           *Circuit Judges.*

_____

VIJAY K. CHHABRA,
>       *Petitioner*,

>       v.                                     10-927-ag (L);
                                               10-4391-ag (Con)
                                               NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent*.

_____

FOR PETITIONER:        Thomas E. Moseley, Newark, N.J.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Terri J. Scadron, Assistant
                       Director; Kathryn L. Deangelis,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, DC

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Vijay K. Chhabra ("Chhabra"), a native and citizen of India, seeks review of a March 9, 2010 decision of the BIA affirming the August 26, 2008 decision of Immigration Judge ("IJ") Sandy K. Hom, which found Chhabra removable as charged and denied his application for cancellation of removal. *In re Vijay Kumar Chhabra,* No. A035 450 508 (B.I.A. Mar. 9, 2010), *aff'g* No. A035 450 508 (Immig. Ct. N.Y. City Aug. 26, 2008). Chhabra additionally seeks review of a September 29, 2010 decision of the BIA denying his motion to reopen. *In re Vijay Kumar Chhabra,* No. A035 450 508 (B.I.A. Sept. 29, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Mendez v. Mukasey*, 547 F.3d 345, 346-47 (2d Cir. 2008); *Kaur v. BIA*,

413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

## I. Crime Involving Moral Turpitude

Although federal courts are without jurisdiction to review a final order of removal against an alien "who is removable by reason of having committed" a crime involving moral turpitude, 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to review questions of law, including whether an underlying conviction constitutes a crime involving moral turpitude, and review such questions of law *de novo*. *See* 8 U.S.C. § 1252(a)(2)(D); *Mendez*, 547 F.3d at 346-47.

The BIA has defined moral turpitude generally to encompass "conduct that shocks the public conscience as being inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general." *Rodriguez v. Gonzales*, 451 F.3d 60, 63 (2d Cir. 2006) (per curiam) (quoting *Hamdan v. INS*, 98 F.3d 183, 186 (5th Cir. 1996) (citations omitted)). "[C]rimes in which fraud was an ingredient have always been regarded as involving moral turpitude." *Jordan v. De George,* 341 U.S. 223, 232 (1951).

Chhabra argues that his conviction is not a crime involving moral turpitude because intentional fraud is not

3

an element of the statute.  The statute, however, does require willful evasion of income tax, *see* 26 U.S.C. § 7201, and willful evasion of income tax includes a specific intent to defraud.  *Costello v. INS*, 311 F.2d 343, 348 (2d Cir. 1962) ("There can be no 'wilful' evasion without a specific intent to defraud."), *rev'd on other grounds by Costello v. INS*, 376 U.S. 120 (1964); *see also Carty v. Ashcroft*, 395 F.3d 1081, 1085 (9th Cir. 2005) (federal tax statutes with an "intent to evade" element, and no specific fraud requirement, have still been interpreted as requiring an intent to defraud).  Consequently, we find no error in the agency's determination that Chhabra was convicted of a crime of moral turpitude.

## II.  Aggravated Felony

Chhabra also argues that he is eligible for cancellation of removal because his tax evasion conviction did not constitute an aggravated felony.  The agency found that Chhabra committed an aggravated felony under INA § 101(a)(43)(M)(ii), 8 U.S.C. § 1101 (a)(43)(M)(ii), because he was convicted of an offense described in 26 U.S.C. § 7201 in which the revenue loss to the government exceeded $10,000.  *Id*.  We retain jurisdiction to review whether an

4

alien is statutorily eligible for relief, *see Sepulveda v. Gonzales,* 407 F.3d 59, 62-63 (2d Cir. 2005), and whether a conviction constitutes an aggravated felony. *See Vargas-Sarmiento v. U.S. Dep't of Justice*, 448 F.3d 159, 164 (2d Cir. 2006). We also have jurisdiction to review the agency's fact-finding used to determine whether a particular conviction constitutes an aggravated felony. *See Ljutica v. Holder*, 588 F.3d 119, 125-26 (2d Cir. 2009) (reviewing agency fact-finding as to whether a conviction resulted in a loss greater than $10,000 to ascertain whether the conviction constituted an aggravated felony).

For the purpose of determining whether an amount of loss in a conviction exceeds $10,000 as required under INA § 101(a)(43)(M), 8 U.S.C. § 1101(43)(M)(I), we consider the specific circumstances surrounding the commission of the crime, rather than taking a categorical or modified categorical approach. *See Nijhawan v. Holder*, 129 S. Ct. 2294, 2302 (2009). Chhabra pled guilty to tax evasion in violation of 26 U.S.C. § 7201, but he challenges the agency's determination that the revenue loss associated with this conviction exceeded $10,000 since his plea did not specify any tax deficiency amount.

This argument lacks merit. The charge against Chhabra,

5

the plea colloquy, and the guilty plea itself all clearly indicate that the amount of revenue loss to the United States government exceeded $42,000. Thus, when looking at the specific circumstances surrounding the commission of Chhabra's crime, the record shows that he admitted, and pled guilty, to tax evasion with a revenue loss to the United States which exceeded $10,000. Consequently, the agency did not err in finding that Chhabra's conviction constituted an aggravated felony under INA § 101(a)(43)(M)(ii), 8 U.S.C. § (a)(43)(M)(ii), and pretermitting his application for cancellation of removal.

Next, Chhabra argues that *Nijhawan*, 129 S. Ct. 2294, and *Carchuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), which were issued after he filed his appeal with the BIA, changed the way the amount of loss involved should be calculated and that, as a result, the agency incorrectly calculated the loss. In *Carachuri-Rosendo*, the Supreme Court indicated, in *dicta*, while discussing the holding of *Nijhawan*, that once an alien has been convicted, the circumstance specific approach should then be employed to calculate the amount of loss suffered by the victim. 130 S. Ct. at 2586 n.11 (2010). This Court held in *Puello v. BCIS*, 511 F.3d 324 (2d Cir. 2007), that conviction occurs when

6

judgment is entered.  Attempting to combine the holdings of these cases, Chhabra contends that the agency failed to employ a circumstance specific approach at the time judgment was entered because, at that point, he had already paid his tax deficiency and there was no outstanding tax revenue loss.

This argument also fails.  Chhabra misinterprets *Carachuri-Rosendo*, which simply indicates that there must first be a conviction for fraud or tax evasion before an inquiry can be made into the amount of loss involved in that conviction, not that the payment of restitution or of the tax deficiency should be considered when determining the amount of loss.  *See Carachuri-Rosendo*, 130 S. Ct. at 2586 n.11; *Ljutica*, 588 F.3d at 126 (when considering an aggravated felony under INA § 101(a)(43)M)(I), holding that the "amount of actual loss . . . is irrelevant - all that matters is the intended loss").  After Chhabra pled guilty to violating 26 U.S.C. § 7201, the agency looked at the specific circumstances of his conviction to determine that the loss exceeded $10,000.  Consequently, Chhabra's argument that the agency erred in its calculation is without merit, and the BIA did not abuse its discretion in denying his motion to reopen.  *See Kaur*, 413 F.3d at 233.

7

For the foregoing reasons, the petitions for review are DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8