**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMRIT SINGH, | No. 07-70553 |
| Petitioner, | Agency No. A073-412-396 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Amrit Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

("IJ") decision denying his motion to reopen deportation proceedings conducted in

absentia.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen, and review de novo questions of law.

*Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the

petition for review.

Singh contends that this petition for review was rendered moot when he was

deported from the United States because that deportation terminated these

proceedings. *See* 8 C.F.R. §§ 245.1(c)(8)(ii)(A), 245.2(a)(1). This contention fails

because the government's admittedly erroneous deportation of Singh did not

constitute a "departure" within the meaning of the immigration laws. *See Salgado-*

*Diaz v. Gonzales*, 395 F.3d 1158, 1164 (9th Cir. 2005) (the term "'departure' in the

immigration context excludes departures illegally executed by the government");

*see also Mendez-Alcaraz v. Gonzales*, 464 F.3d 842, 844 (9th Cir. 2006) (under

IIRIRA's permanent rules, the court has jurisdiction over a petition for review filed

by a petitioner who has been deported).

The agency did not abuse its discretion in denying Singh's motion to reopen

based on lack of notice where the record reflects that he was personally served with

notice of the hearing at which he was ordered deported in absentia. *See* 8 C.F.R.

§ 1003.23(b)(4)(iii)(A)(2). Singh's contention that the IJ violated his right to due

process by ruling on his motion before he had an opportunity to review the record

of proceedings fails because he has not established prejudice resulting from the

alleged violation. *See Robleto-Pastora v. Holder*, 591 F.3d 1051, 1062 (9th Cir. 2010) (due process claim relating to inability to obtain immigration records failed where petitioner could not show that the violation potentially affected his eligibility for relief).

**PETITION FOR REVIEW DENIED.**