**Singh v. United States Citizenship & Immigration Servs. et al.**

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2016

(Argued: December 15, 2016                    Decided: December 22, 2017)

Docket No.  16-1729

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AMRITPAL SINGH,
     Plaintiff-Appellant,


     v.


UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES and
THOMAS CIOPPA,* District Director, United States Citizenship and Immigration
Services' New York District Office,
     Defendants-Appellees.


- - - - - - - - - - - - - - - - - - -- - - - - - - - - - - - - -

B e f o r e:    WINTER, JACOBS, and POOLER, Circuit Judges.

        Appeal from a dismissal by the United States District Court for the

Southern District of New York (Jesse M. Furman, J.), of a complaint for lack of

subject-matter jurisdiction.  We agree that the present action functionally

constitutes a challenge to a pending removal order and, as such, 8 U.S.C. §

1252(a)(5) precludes our exercise of subject-matter jurisdiction.

---

* District Director Thomas Cioppa is substituted for his predecessor, Phyllis Coven.

MICHAEL E. PISTON, New York, N.Y., for Plaintiff-Appellant.

BRANDON M. WATERMAN (Benjamin H. Torrance on the brief), for Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, N.Y., for Defendants-Appellees.

WINTER, Circuit Judge:

Amritpal Singh appeals from Judge Furman's dismissal of his complaint for lack of subject-matter jurisdiction. The complaint, relying on the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq., challenged the denial by the United States Citizenship and Immigration Services ("USCIS") of jurisdiction over Singh's application for an adjustment of his immigration status. The district court concluded that the present action constitutes an indirect challenge to an outstanding removal order issued against Singh and that, therefore, 8 U.S.C. § 1252(a)(5) precludes subject-matter jurisdiction. We affirm.

## BACKGROUND

We assume the accuracy of facts alleged in the complaint. Those allegations are as follows. Singh, a native of India, entered the United States illegally in June 1995. On November 29, 1995, the Immigration and Naturalization Service ("INS") — the agency at that time responsible for

administering the immigration laws — commenced deportation proceedings against him. At a December 1995 hearing in San Francisco, California, Singh conceded his deportability by confirming the accuracy of the INS's allegations. The immigration judge then scheduled another hearing for March 1996. Singh failed to appear at that hearing, and the immigration judge ordered him deported to India. Singh remained in the United States without any effort visible on this record to deport him.

In June 2000, he married Jaswant Kaur, a naturalized United States citizen. That same month, Kaur submitted a Form I-130 Petition to establish her marriage to Singh for purposes of the still-open immigration proceedings. In April 2002, the INS requested additional evidence to establish that Kaur's marriage to Singh was entered into in good faith and not to evade the immigration laws. Kaur did not respond to the request for additional evidence, and the INS denied her petition.

In 2005, Singh filed an application for adjustment of his immigration status based on his marriage to Kaur. At an October 12, 2006 interview pertaining to the adjustment-of-status application, Singh was taken into custody pursuant to the outstanding 1996 deportation order. While in custody, Singh filed a motion

3

with the immigration court in San Francisco to reopen the 1996 deportation order. He claimed that he had no notice of the March 1996 hearing. The immigration judge denied that motion in November 2006. The Board of Immigration Appeals ("BIA") affirmed that denial in January 2007. Singh timely filed a petition for review and a motion to stay deportation in the Ninth Circuit. The Ninth Circuit immediately granted Singh a stay of deportation. Nevertheless, the government deported Singh to India several hours later.

The government conceded that Singh's removal was improper given the Ninth Circuit's stay. Consequently, in May 2007, Singh was temporarily paroled back into the United States by the Attorney General, who exercised his discretion to grant temporary parole to certain aliens. See 8 U.S.C. § 1182(d)(5)(A).

After Singh's return, Kaur filed another Form I-130 Petition, this time with the USCIS, on Singh's behalf. The USCIS eventually approved Kaur's petition on May 6, 2009. Accompanying Kaur's I-130 filing was Singh's petition to the USCIS for adjustment of his status. This petition raised legal issues at the heart of this case.[1] As discussed infra, if Singh's deportation proceedings remained ongoing,

---

[1] Legislative changes altered the administration of the immigration laws during the events described above. The Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135, abolished the INS, transferring its immigration enforcement function to the newly-created Department of Homeland Security, of which the USCIS is a component. The Attorney General's authority was maintained over the Executive Office for Immigration Review (EOIR), which houses the BIA. Additionally, as discussed

4

then the immigration court -- the BIA -- had exclusive jurisdiction over his petition and the USCIS had no power to act on it. On April 6, 2009, the USCIS dismissed Singh's application for lack of jurisdiction stating that "jurisdiction of [his] application and case in general[] still remains with the Immigration Court" and, therefore, that the USCIS did not have authority to grant the relief Singh requested. Singh filed a motion for reconsideration, arguing that the USCIS had jurisdiction over his application for adjustment of status because his deportation proceedings had terminated when he was removed from the country in February 2007.

While Singh's motion for reconsideration was pending with the USCIS, the Ninth Circuit denied Singh's petition for review of the January 2007 BIA decision affirming the immigration judge's denial of Singh's motion to reopen his deportation proceedings. Singh v. Holder, 483 F. App'x 350 (9th Cir. 2012). The Ninth Circuit rejected Singh's argument that his 2007 removal terminated his deportation proceedings.

On August 8, 2013, the USCIS's Acting District Director for New York denied Singh's motion to reconsider the USCIS's April 6, 2009 decision

---

further infra, the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005), affected a general reorganization of judicial review of removal orders.

5

dismissing Singh's application for adjustment of status. The August 8 decision noted the Ninth Circuit's dismissal of Singh's petition for review and found that the "USCIS still does not have jurisdiction over [Singh's] application" because he was "under an order of deportation."

After that denial, Singh moved the BIA to reopen the deportation proceedings to allow adjustment of his status to that of a lawful permanent resident based on his marriage to Kaur. Singh argued that he was entitled to this adjustment following the USCIS's May 6, 2009 approval of the Form I-130 that Kaur filed on his behalf. The BIA denied Singh's motion to reopen on December 3, 2013.

On December 26, 2013, Singh filed another petition for review in the Ninth Circuit, challenging the BIA's 2013 denial of the motion to reopen. He also moved for a stay of removal pending disposition of the petition, which was granted. See Singh v. Holder, No. 13-74456 (9th Cir. Mar. 21, 2014). On June 3, 2015, the government requested that the Ninth Circuit summarily reject Singh's petition. On July 28, 2017, the Ninth Circuit granted the government's motion and denied the petition in part and dismissed it in part for lack of jurisdiction. The decision held that the BIA had jurisdiction over the application for

adjustment of status, that Singh's motion to reopen was time- and number-barred, and that the court lacked jurisdiction to review the BIA's failure to reopen the deportation proceedings sua sponte. The stay of removal expired September 19, 2017. Singh, No. 13-74456 (9th Cir. Sept. 19, 2017).

On February 23, 2015, while the petition for review was pending in the Ninth Circuit and a stay of removal was in place, Singh filed the present action. In this matter, he invokes the APA provisions authorizing judicial review of final agency actions, see 5 U.S.C. § 706(2), and seeks reversal of the USCIS's decisions that it lacks jurisdiction over his application for adjustment of status to that of a lawful permanent resident. Singh's complaint essentially requests that the USCIS be compelled to adjudicate the merits of his status-adjustment application.

On March 30, 2016, the district court determined that it lacked subject-matter jurisdiction over this action and accordingly dismissed Singh's complaint. This appeal followed.

DISCUSSION

Federal courts are courts of limited jurisdiction and must independently verify the existence of subject-matter jurisdiction before proceeding to the merits. See, e.g., Doe v. United States, 833 F.3d 192, 196 (2d Cir. 2016); City of N.Y. v.

7

Mickalis Pawn Shop, LLC, 645 F.3d 114, 125-26 (2d Cir. 2011). Because resolution of subject-matter jurisdictional issues precedes consideration of the merits, and we conclude that we lack such jurisdiction, we need not consider the various rulings of the Ninth Circuit on issues before us save where those rulings are relevant to our jurisdiction. We review the district court's decision to dismiss for lack of subject-matter jurisdiction de novo. See Sharkey v. Quarantillo, 541 F.3d 75, 82–83 (2d Cir. 2008).

Singh's complaint invoked federal-question jurisdiction under 28 U.S.C. § 1331, in that it asserted a claim under 5 U.S.C. § 706(2)(A) of the APA authorizing courts to "hold unlawful and set aside" federal agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." However, the APA does not empower courts to set aside agency actions where other "statutes preclude judicial review." See 5 U.S.C. § 701(a)(1). There is such a statute here.

As part of the REAL ID Act of 2005, Congress mandated that "the sole and exclusive means for judicial review of an order of removal" should be "a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(5). A "petition for review" is a challenge to an order of removal entered by the BIA.

See 8 U.S.C. § 1252(a)(1); see also Ruiz-Martinez v. Mukasey, 516 F.3d 102, 112-13 (2d Cir. 2008). By restricting judicial review of removal orders solely to adjudication of petitions for review from a BIA decision, Section 1252(a)(4) makes the REAL ID Act a statute that "preclude[s] judicial review" of challenges to removal orders brought under the APA. See 5 U.S.C. § 701(a)(1).

No party contends that the present action is a petition for review of Singh's removal order. The principal issue before us is whether Singh's APA challenge seeks "judicial review of an order of removal" as that term is used in Section 1252(a)(5). In Delgado v. Quarantillo, 643 F.3d 52 (2d Cir. 2011) (per curiam), the petitioner sought to compel the USCIS to consider her I-212 application for permission to reapply for admission to the United States. We held that the term "judicial review of an order of removal," as used in Section 1252(a)(5), encompasses both "direct" and "indirect" challenges to removal orders. Id. at 55. Because Singh's APA challenge is an "indirect" challenge to his removal order, it falls under Section 1252(a)(5)'s limitation.

Delgado instructs that we look to "the substance of the relief that a plaintiff is seeking" in order to determine whether a claim seeks review of a removal order. See id. Section 1252(a)(5)'s prohibition applies broadly, not only to

9

situations where the favorable resolution of a plaintiff's claim would "per se prevent [the plaintiff's] removal" but also where the claim "is a necessary prerequisite to [the plaintiff's] ultimate goal of adjustment of status." Id. (internal quotation marks omitted). Congress's intent in enacting the REAL ID Act provisions at issue was to streamline judicial scrutiny of removal orders by consolidating those proceedings in one forum and to eliminate the possibility of piecemeal challenges. See, e.g., Xiao Ji Chen v. U.S. Dep't of Justice, 434 F.3d 144, 151 n.3 (2d Cir. 2006) (a "primary effect" of the REAL ID Act is to "limit all aliens to one bite of the apple" (internal quotation marks omitted)). Delgado's expansive reading of Section 1252(a)(5)'s limitation gives effect to that congressional purpose.

Singh's APA claim seeks to require the USCIS to consider the merits of his adjustment-of-status application. This is the first step in adjusting his status to that of a lawful permanent resident. If he succeeded in becoming a lawful permanent resident, his pending removal order would, he hopes, be rendered a nullity.

Critical to the issue is the division of jurisdiction between the BIA and the USCIS. Depending on the circumstances, jurisdiction to consider an adjustment-

10

of-status application lies either with an immigration judge and the BIA or with the USCIS, but never simultaneously with both. See 8 C.F.R. §§ 245.2(a), 1245.2(a). There is no open issue with regard to Singh being the subject of a BIA deportation proceeding. Singh was placed in BIA removal proceedings, a removal order was entered by an immigration judge, and his attempt to reopen those proceedings failed. Finally, the Ninth Circuit held that those proceedings were not terminated by Singh's temporary removal to India. See Singh, 483 F. App'x at 350. As a result, the immigration court still has exclusive jurisdiction over any adjustment application Singh might choose to make. See 8 C.F.R. § 1245.2(a)(1)(i) ("In the case of any alien who has been placed in deportation proceedings or in removal proceedings (other than as an arriving alien), the immigration judge hearing the proceeding has exclusive jurisdiction to adjudicate any application for adjustment of status the alien may file.").

Given that the USCIS and the BIA do not have concurrent jurisdiction over Singh's proceedings, the purpose of this action is to shift jurisdiction from the tribunal that has ordered him removed and to render the removal order ineffective. For those reasons, Singh's claim is one that seeks "judicial review of an order of removal," 8 U.S.C. § 1292(a)(5), as that term was interpreted in Delgado.

11

Because Section 1292(a)(5)'s limitation applies here, it "precludes judicial review" under the APA. See 5 U.S.C. § 701(a)(1). With the APA claim barred, there is no basis for federal subject-matter jurisdiction over Singh's case, and the district court was correct to dismiss it.

## CONCLUSION

We have considered Singh's remaining arguments and find them to be without merit. We affirm.