18-1048-cv
Lainez v. McHenry

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 16th day of June, two thousand twenty.

Present:    RALPH K. WINTER,
            ROSEMARY S. POOLER,
            MICHAEL H. PARK,
                    *Circuit Judges*.

_____

ROGER LAINEZ,

        *Plaintiff-Appellant*,

                v.                                          18-1048-cv

JAMES McHENRY, Director of U.S. Citizenship and Immigration Services, L. FRANCIS CISSNA, Director of U.S. Citizenship and Immigration Services, THOMAS CIOPPA, New York City Field District Director U.S. Citizenship and Immigration Services.

        *Defendants-Appellees*.

_____

Appearing for Appellant:        Malik Havalic (Vilia B. Hayes, Dustin P. Smith, *on the brief*), Hughes Hubbard & Reed LLP, New York, N.Y.

Appearing for Appellees:        Christopher Connolly, Assistant United States Attorney (Joseph N. Cordaro, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Pitman, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Roger A. Lainez appeals from the March 9, 2018 judgment of the United States District Court for the Southern District of New York (Pitman, *M.J.*) dismissing his complaint for lack of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The district court here found it lacked jurisdiction to review the removal order and the immigration judge's ("IJ") determination that Lainez was not a U.S. citizen. The district court reasoned that while Lainez claimed citizenship as a defense during his removal hearing, he failed to appeal the denial of his claim to the Board of Immigration Appeals ("BIA"). The district court deemed Lainez's failure to exhaust fatal to his citizenship claim. Even if Lainez did exhaust his claim, the district court held, Lainez could appeal the BIA's determination only through a petition for review in this Court, not in a proceeding before the district court. The district court therefore held that it lacked jurisdiction to review Lainez's claim of citizenship.

On appeal, Lainez argues he was not required to exhaust his citizenship claim. He urges this Court to treat this proceeding as a petition for review of a final order of removal and find that his claims are not barred for untimeliness. He further argues he derived citizenship through his mother's naturalization because he was born out of wedlock and was never legitimated under Salvadoran law. Alternatively, he argues that he has established material issues of fact as to derivative citizenship justifying remand or transfer to the district court. The government principally argues that both the district court and this Court lack jurisdiction to consider Lainez's claims for derivative citizenship because Lainez failed to file a timely petition for review, rendering any such petition time barred.

We review a district court's dismissal for lack of subject matter jurisdiction de novo. *Singh v. U.S. Citizenship & Immigration Servs.*, 878 F.3d 441, 445 (2d Cir. 2018). We agree with the district court that it lacked jurisdiction to consider Lainez's appeal. District courts generally lack jurisdiction to entertain a direct or indirect attack on a removal order. *See Delgado v. Quarantillo*, 643 F.3d 52, 53, 55 (2d Cir. 2011) (citing 8 U.S.C. § 1252(a)(5)). "[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal," 8 U.S.C. § 1252(a)(5), and Lainez failed to pursue such a petition here.

Lainez's reliance on *Poole v. Mukasey*, 522 F.3d 259 (2d Cir. 2008), is unavailing. In *Poole*, this Court held that "[t]he statutory administrative exhaustion requirement of § 1252(d)(1)"— a jurisdictional prerequisite to appellate review—"does not apply to a person with a non-frivolous claim to U.S. citizenship." *Id.* at 264 (internal quotation marks omitted). The Court observed that "[r]elinquishing citizenship requires an affirmative act." *Id.* Lainez seeks to extend *Poole*'s holding to encompass the time limitation of 8 U.S.C. § 1252(b)(1). We decline to do so, as *Poole* deals only with exhaustion, not time limitations. Because we lack

jurisdiction to consider Lainez's nonfrivolous citizenship claim, the district court did not err when it declined to transfer Lainez's complaint to this Court. *See* 28 U.S.C. § 1631.

However, "the Executive Branch has no authority to remove a citizen." *Duarte-Ceri v. Holder*, 630 F.3d 83, 87 (2d Cir. 2010). As the government itself notes, Lainez asserts a nonfrivolous citizenship claim that "presents genuine issues of material fact—not to mention complex questions of law." Appellee's Br. at 23. To pursue his claim, Lainez may seek to reopen his removal proceedings before the BIA. In a letter submitted to this Court, the government agreed not to remove or detain Lainez so long as he timely moves to reopen his proceedings before the immigration court, and timely pursues any appeals necessary.

We have considered the remainder of Lainez's arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3