19-2854-cv
*Emiabata v. Farmers Ins. Corp.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand twenty-one.

PRESENT:   DENNIS JACOBS,
           JOSÉ A. CABRANES,
           STEVEN J. MENASHI,
                      *Circuit Judges.*

_____

SYLVIA EMIABATA,

        *Plaintiff-Appellant*,                                    19-2854-cv

        v.

FARMERS INSURANCE CORPORATION, FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY,

        *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**          Sylvia Emiabata, *pro se*, Fairfield, CT.

**FOR DEFENDANTS-APPELLEES:**        R. David Lane Jr., Marshall Dennehey
                                     Warner Coleman & Goggin, P.C., New
                                     York, NY.

Appeal from a judgment of the United States District Court for the District of Connecticut (Victor A. Bolden, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Sylvia Emiabata, proceeding pro se, appeals an August 8, 2019 judgment of the District Court granting the motion to dismiss of Defendants-Appellees Farmers Texas County Mutual Insurance Company and Farmers Insurance Corporation Insurance Company (collectively, "Farmers") for insufficient pleading of subject matter jurisdiction, service of process, and personal jurisdiction. Emiabata's Complaint raised state law claims of bad-faith dealing, negligence, breach of contract, vicarious liability, and unjust enrichment arising from a car accident in Tennessee. She alleges that she is a citizen of Connecticut, and that Farmers are citizens of Texas and California. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

When considering the dismissal of a complaint for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo*. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Under 28 U.S.C. § 1332, federal courts have subject matter jurisdiction to hear cases where the amount in controversy exceeds $75,000 "and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1) (diversity jurisdiction). Section 1332 requires that "all plaintiffs must be citizens of states diverse from those of all defendants." *Pa. Pub. Sch. Emps.' Retirement Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117-18 (2d Cir. 2014). "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile . . . [in other words] the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (alteration in original; internal quotation marks omitted). A person can only have "one domicile at any given moment." *Id.* "For purposes of diversity jurisdiction, the relevant domicile is the part[y's] domicile at the time the [C]omplaint was filed." *Id.* (citing *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002)).

We agree with the District Court that Emiabata failed to establish that she was a citizen of Connecticut at the time the Complaint was filed, and thus the District Court lacked diversity jurisdiction to hear this case. A plaintiff asserting subject matter jurisdiction bears the burden of proving by a preponderance of the evidence that it exists. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). The parties do not dispute that Farmers Texas County Mutual

---

[1] Emiabata moves for leave to file an untimely reply brief. The motion for leave to file is GRANTED.

Insurance Company is a citizen of Texas. However, while Emiabata alleges that she was a citizen of Connecticut at the time the Complaint was filed, she does not prove Connecticut residency by a preponderance of the evidence. Emiabata does not dispute that she alleged that she was domiciled in Texas when she initiated another action in January 2018 in the Western District of Oklahoma. Therefore, Emiabata must demonstrate that her domicile changed to Connecticut as of November 8, 2018, the date that her Complaint in this action was filed. Generally, a plaintiff demonstrating change in domicile must "prov[e] the required intent to give up the old and take up the new domicile, coupled with an actual acquisition of a residence in the new locality." *Palazzo ex. rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and alterations omitted). The District Court found that her reported Connecticut address was that of a UPS store, not a residence. In response to the District Court's order to submit evidence that she was domiciled in Connecticut by November 2018, Emiabata provided evidence of activities in Connecticut in 2019. This failed to demonstrate that she had actually acquired a residence in Connecticut by November 2018. Emiabata also continued to send legal mail from Texas throughout the litigation. These considerations reveal no clear error in the District Court's conclusion that she remained "domiciled" in Texas when she filed her Complaint, and thus its dismissal for lack of subject matter jurisdiction was proper.

The District Court's lack of subject matter jurisdiction over this claim precludes Emiabata's remaining arguments: first, that the District Court erred by declining to consider the merits of her claims, and second, that the District Court should have transferred venue in lieu of dismissal (while maintaining that Connecticut is the proper venue). It is axiomatic that federal courts must "verify the existence of subject-matter jurisdiction before proceeding to the merits." *Singh v. U.S. Citizenship & Immigr. Servs.*, 878 F.3d 441, 445 (2d Cir. 2017). Likewise, the issue of venue became moot after the District Court determined that it lacked subject matter jurisdiction over the Complaint and dismissed it. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

## CONCLUSION

We have reviewed all of the arguments raised by Emiabata on appeal and find them to be without merit. We **GRANT** Emiabata's motion to file an untimely reply brief. For the foregoing reasons, we **AFFIRM** the August 8, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3