Chhabra v. Blinken

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand twenty-two.

PRESENT:
> AMALYA L. KEARSE,
> MICHAEL H. PARK,
> MYRNA PÉREZ,
> *Circuit Judges.*

---

Dr. Vijay Chhabra, Ranjna Chhabra,

> *Plaintiffs-Appellants,*

> v.                                                                 **22-192**

Antony J. Blinken, Secretary of State, United States Department of State, Alejandro Mayorkas, Secretary of DHS, United States Department of Homeland Security, Ur M. Jaddou, Director of USCIS, United States Citizenship & Immigration Services,

> *Defendants-Appellees.\**

---

**\*** The Clerk of Court is respectfully directed to amend the caption as set forth above.

1

FOR PLAINTIFFS–APPELLANTS:          THOMAS E. MOSELEY, Esq., Newark, NJ.

FOR DEFENDANTS–APPELLEES:          VARUNI NELSON, Assistant U.S. Attorney (Layaliza Soloveichik, Assistant U.S. Attorney, *on the brief*) *for* Breon Peace, U.S. Attorney, Eastern District of New York, Brooklyn, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Glasser, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiffs-Appellants Dr. Vijay Chhabra ("Chhabra") and Ranjna Chhabra appeal the district court's order granting the government's motion to dismiss and denying their motions for summary judgment and to amend their complaint. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Plaintiffs asked the district court to find that Chhabra's conviction for tax evasion under 26 U.S.C. § 7201, for which he was ordered removed from the United States, is not a crime involving moral turpitude ("CIMT") and to direct that his visa to re-enter the United States be processed with "reasonable promptness" by the consular office in New Delhi, India. The government moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6); Plaintiffs moved for summary judgment and to amend their complaint.

We review *de novo* a district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Bldg. Indus. Elec. Contractors Ass'n v. City of New York*, 678 F.3d 184, 187 (2d Cir. 2012). We also review a denial of leave to amend

2

*de novo* when denial is based on a determination that amendment would be futile. *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015).

We affirm because Plaintiffs' claim is barred under the doctrine of consular nonreviewability. This Court has long held that "a consular officer's decision to deny a visa is immune from judicial review." *Am. Acad. of Religion v. Napolitano*, 573 F.3d 115, 123 (2d Cir. 2009). Chhabra's visa denial was based on a "facially legitimate and bona fide reason," and so our review can go no further. *Id.* at 125. At bottom, Plaintiffs ask us to order the consular office in India to process Chhabra's visa application to re-enter the United States, which we cannot do.

The district court, furthermore, did not err in denying leave to amend. "Leave to amend may properly be denied if the amendment would be futile, as when the proposed new pleading fails to state a claim on which relief can be granted." *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012) (internal citations omitted). Plaintiffs sought to amend their complaint to allege that the Department of Homeland Security ("DHS"), not the consular office, determined that Chhabra's conviction for tax evasion was a CIMT.

But the CIMT designation was not independently made by DHS. Instead, this determination was made by an immigration judge and affirmed by the Board of Immigration Appeals ("BIA") during Chhabra's removal proceedings. This Court also denied review of the BIA's affirmance. *Chhabra v. Holder*, 444 F. App'x 493, 494 (2d Cir. 2011). Plaintiffs now seek to collaterally attack a legal determination made in Chhabra's removal proceedings through a claim brought under the Administrative Procedure Act ("APA"). This is not permitted. *See Singh v. USCIS*, 878 F.3d 441, 445 (2d Cir. 2017) (explaining that indirect challenges to removal orders may not be brought under the APA).

We have considered Plaintiffs' remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court